**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4294-17T2

ALLSTATE NEW JERSEY
INSURANCE COMPANY,

     Plaintiff-Appellant,

v.

EMPIRE FIRE AND MARINE
INSURANCE COMPANY,

     Defendant-Respondent.

_____

Argued June 4, 2019 – Decided June 25, 2019

Before Judges Fasciale and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7922-17.

David James Dickinson argued the cause for appellant (Tango, Dickinson, Lorenzo, McDermott & McGee LLP, attorneys; David James Dickinson, on the brief).

Paul M. Schofield, Jr. argued the cause for respondent.

PER CURIAM

In this auto-insurance dispute, plaintiff Allstate Insurance Company (Allstate), appeals from an April 16, 2018 order denying its motion to vacate an arbitration award in favor of defendant, Empire Insurance Company (Empire). Following oral argument, Judge Jeffrey B. Beacham entered the order. On appeal plaintiff argues that the arbitrator lacked jurisdiction to hear the case, exceeded his powers, and miscalculated damages. We affirm.

I.

On May 1, 2015, Demetrio Ortiz rented a 2010 Lamborghini Gallardo Spyder from Signature Car Collection (Signature). On May 9, 2015, the vehicle was damaged in a car accident. At the time of the accident, Ortiz was insured by Allstate, and Signature was insured by Empire. After the accident, Empire paid Signature for the damage to the vehicle, pursuant to the auto collision coverage of the Empire policy. Empire sought recovery of the payment from Ortiz, citing the rental agreement, which stated,

> I Demetrio Soler Ortiz agree to the above stated description of the rental vehicle and acknowledge that I am responsible and liable for all damages, and excess mileage during my rental period, and agree to pay the repair costs, extra mileage charges, and all loss-of-use and fees associated with the condition of the vehicle upon return.

A-4294-17T2

In September 2015, Allstate issued a letter to Signature denying coverage, on behalf of Ortiz, stating that Empire's policy had the "primary obligation with respect to collision coverage[.]"

At the time of the accident, Allstate and Empire were members of the Arbitration Forums, Inc. (AF), Special Arbitration Forum. And in January 2017, Empire filed for inter-company arbitration in the AF's Special Arbitration forum seeking reimbursement from the auto collision coverage portion of the Allstate policy. In March 2017, counsel for Allstate sent a letter to Empire stating that Allstate was denying coverage because the Empire policy applied to the loss from the accident evidenced by their payment of the claim. The letter explained, "[p]ursuant to the auto collision insurance provision of the Allstate . . . policy, when there is other insurance available to cover a collision loss the Allstate . . . policy states 'when this insurance covers a substitute auto or non-owned auto, we will pay only after all other collectible insurance has been exhausted.'" In July 2017, an inter-company arbitration award was entered in favor of Empire in the amount of $100,200. In August 2017, Allstate raised a post-decision inquiry and appeal with AF. AF denied Allstate's request to vacate or modify the award.

A-4294-17T2

In November 2017, Allstate filed a verified complaint and order to show cause seeking to vacate or modify the arbitration award. On April 12, 2018, the judge conducted oral argument, and issued an order denying Allstate's motion to vacate the arbitration award. The judge found that there was not a "sufficient basis to vacate the award of damages."

## II.

"It . . . is well settled that 'there is a strong preference for judicial confirmation of arbitration awards.'" Minkowitz v. Israeli, 433 N.J. Super. 111, 135 (App. Div. 2013) (quoting Linden Bd. of Educ. v. Linden Educ. Ass'n, 202 N.J. 268, 276 (2010)). Courts will grant arbitration awards "considerable deference." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013). It is the party seeking to vacate an arbitration award that "bears the burden of demonstrating 'fraud, corruption, or similar wrongdoing on the part of the arbitrator[].'" Minkowitz, 433 N.J. Super. at 136 (alteration in original) (quoting Tretina Printing, Inc. v. Fitzpatrick & Assocs., 135 N.J. 349, 357 (1994)). Therefore, "[j]udicial review of an arbitration award is very limited." Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017) (quoting Linden Bd. of Educ., 202 N.J. at 276). Because the decision to vacate an arbitration award is a matter of law, this court reviews a denial of a motion

4

to vacate an arbitration award de novo. Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010).

First, Allstate contends that the judge should have modified the arbitration award because the arbitrator made a mathematical error when calculating the award. N.J.S.A. 2A:23B-24(a)(1) provides that a court shall modify or correct an award if "there was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award[.]"

In the inter-company arbitration filing by Empire, it states that the "contribution sought" is $100,200. However, in the "Itemized Damages Claimed" section of the filing, it states that the total itemized damages is $136,000. Under this section, it provides a break-down of the damages: "Actual Cash Value $136,000.000 [Empire] paid $111,350.00 Insured Deductible = $25,000.00 Salvage Proceeds = < $35,888.00 > Total Subro Balance Due = $100,200.00 pro rata payment from Geico $21,616.56 balance due from [A]llstate $78,581.44." In the "Disputed Damages" section of the arbitration filing, Allstate wrote "[Empire] has failed to prove a basis for [its] damages." Allstate argues that it was "implicit" in its answer that Empire's claim should have been limited to $78,581.44. Thus, Allstate concludes that the arbitrator

should have applied the credit from the Geico payment, and awarded Empire recovery of $78,581.44, as was set forth in the Itemized Damages Claimed section of the filing.

But, Allstate did not properly raise an objection to damages. The AF Rules governed the arbitration between Allstate and Empire. Rule 2-5 provides that if a party is disputing damages, "it must present all damages arguments and disputed dollar amounts, if known, in the Dispute[d] Damages section. Arguments raised in any other section will not be considered by the arbitrator. This includes, but is not limited to, issues such as repair and/or rental amounts, causation, and partial exclusions." Moreover, Rule 3-5 provides that an arbitrator may only consider "[d]isputed damages if specifically pled in the Dispute[d] Damages section." Allstate's general assertion that Empire failed to prove a basis for their damages does not satisfy AF's Rules that disputed damages be "specifically pled."

### III.

Next, Allstate contends that AF did not have jurisdiction to arbitrate the dispute because Allstate denied coverage, and the dispute was not over concurrent coverage. Allstate asserts that there was no agreement to arbitrate, and therefore, the award should be vacated, pursuant to N.J.S.A. 2A:23B-

23(a)(5) (stating that a court shall vacate an arbitration award if "there was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection . . . not later than the beginning of the arbitration hearing").

In AF's Special Arbitration Agreement, Article First provides compulsory provisions, and outlines disputes that must be submitted to arbitration. In pertinent part, Article First states:

> [S]ignatory companies must submit any unresolved disputes to [AF] where:
>
> . . . (b) each has issued separate policies of property or casualty insurance providing, or as a self-insured provides, concurrent coverage to the same party or parties asserted to cover an accident, occurrence or event out of which a first or third party claim or suit for bodily injury or property damage arises[.]

Article Second provides exclusions and outlines disputes that are not required to be submitted to arbitration. In pertinent part, Article Second states:

> No company shall be required, without its written consent, to arbitrate any claim or suit if:
>
> . . . (e) it has asserted a denial of coverage to the party or parties seeking coverage under the policy for the claim or suit otherwise subject to arbitration[.]

Pursuant to AF's Rule 2-4, a case will be "administratively closed as lacking jurisdiction," if a denial/disclaimer of coverage is pled, and a copy of

the denial/disclaimer of coverage letter to the parties seeking liability is attached. The rule further provides, "[i]f no such letter is provided or where the issue concerns concurrent coverage . . . , the case will be heard and the arbitrator(s) will consider and rule on the coverage defense." The AF Rules also set forth definitions of key terms. Concurrent coverage is defined as "[t]wo or more policies of insurance and/or self-insureds providing coverage to the same party or parties or the same risk or risks for the same accident, occurrence, or event. Concurrent coverage includes primary/excess disputes." Denial/Disclaimer of coverage is defined as

> [a] company's assertion that: a. there was no liability policy in effect at the time of the accident, occurrence, or event, or b. a liability policy was in effect at the time of the accident, occurrence, or event, but such coverage has been denied/disclaimed to the party seeking liability coverage for the claim in dispute.

Here, the Allstate policy issued to Ortiz contained first party collision damage coverage for Ortiz's vehicle. However, the policy also contains a clause for when there is other insurance, which provides "[w]hen this insurance covers a substitute or non-owned auto, we will pay only after all other collectible insurance has been exhausted." Relying on this clause, Allstate argues that because the Empire policy provided first party collision coverage and paid the damages to the vehicle, then there is no coverage under the Allstate policy

A-4294-17T2

because Signature was made whole from Empire. In its letter purporting to deny coverage, Allstate concludes that "[b]ecause the Empire policy has the primary obligation with respect to collision coverage, coverage is not afforded under the Auto Collision Insurance of the Allstate policy."

In the affirmative defenses section of Allstate's responsive filing, Allstate stated that it would not provide coverage. Allstate cites to the "other insurance" clause of the policy, which provides that "[w]hen this insurance covers a substitute or non-owned auto, we will pay only after all other collectible insurance has been exhausted." Allstate further states,

> clearly in this matter the insurance provided by [Empire] for the damage to their insured's vehicle was sufficient to repair the vehicle and there is no claim being made in excess of the [Empire] policy. This is not a situation with competing excess clauses but is a situation where [Empire]'s coverage applies and [Allstate] has no coverage. [Empire] has denied coverage with regard to this claim.

The arbitrator considered and rejected Allstate's defense, finding: "This is a concurrent coverage dispute which is compulsory under Article First of the Special [A]rbitration [A]greement. As a signatory member of Special [A]rbitration, Allstate agrees to have all compulsory cases heard by AF. Any proven coverage defenses will be considered in the decision."

Following oral argument, the judge concluded that the arbitrator did not abuse his discretion in finding that the issue was concurrent coverage, and therefore, within the jurisdiction of AF. Likewise, we also conclude that the arbitrator did not abuse his discretion in finding that it was a matter of concurrent coverage. Allstate argues that because Empire paid Signature's damages in full, then Allstate does not have any coverage because Signature was made whole. But Empire is seeking reimbursement for the payment, arguing that Allstate's insured, Ortiz, was fully responsible.

Moreover, the issue was whether the dispute was over concurrent coverage. If it was not, and Allstate outright denied coverage, then the parties would not be required to arbitrate, but they still could, as set forth in AF's Special Arbitration Agreement. The parties were voluntary members of AF. The arbitrator considered Allstate's defense that it did not provide coverage because Empire paid all the damages to Signature. The arbitrator rejected Allstate's defense and determined that the issue was concurrent coverage, and thus, it was required to be arbitrated, pursuant to Article First of the Special Arbitration Agreement. Allstate did not raise the defense that AF lacked jurisdiction to arbitrate the matter. Allstate has not alleged or argued that the AF decision was

procured by fraud, corruption, or wrongdoing on the part of the arbitrator. See Tretina, 135 N.J. at 357.

IV.

Lastly, Allstate contends that the arbitrator exceeded his powers by misapplying New Jersey law, and thus, the award should be vacated, pursuant to N.J.S.A. 2A:23B-23(a)(4). Both Allstate and Empire are voluntarily members of AF, and voluntarily entered into the Special Arbitration Agreement. According to AF's Rule 2-12(d), a party may appeal a decision, and that "decision will be final and binding with no right to further review, appeal, or inquiry." As noted above, the Article First of the Special Arbitration Agreement requires that disputes over concurrent coverage must be submitted to arbitration. Thus, AF's decision should be binding and not subject to our review. Nevertheless, we have reviewed plaintiff's arguments and conclude that they do not warrant reversal.

Moreover, Allstate fails to provide evidence that the arbitrator misapplied New Jersey law. The arbitrator considered Allstate's and Empire's policies and considered the signed car rental agreement. The arbitrator concluded:

> While Empire paid for the damages to [its] auto, as Allstate is not an insured and as there is no coverage for Allstate under Empire's policy, Allstate's excess language would not apply. This would make Allstate's

11

> coverage primary. Allstate disputed damages based on [its] liability/coverage arguments. No other damage arguments were raised. Damages awarded in the amount sought. Allstate requested a personal representation but did not call in on the scheduled day and time. The case was heard without the personal rep. There were no questions.

Primarily, Allstate again asserts that there was auto collision coverage available under the Empire policy because it paid for the damage to Signature's (its insured) vehicle. The Allstate policy provided that there is no collision coverage when the insured is operating a non-owned vehicle, until any other collision coverage is exhausted. But just because Empire paid the damages, does not mean that it is not entitled to reimbursement. The Empire policy provides that it is primary, except when it is in the care, custody or control of another. Here, the vehicle was in the care, custody, and control of Ortiz. The arbitrator considered the language of the two policies and concluded that Allstate's coverage was primary. Accordingly, we conclude that the arbitrator did not exceed his powers, and thus, we decline to disturb the arbitration award.

To the extent we have not addressed plaintiffs' remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12