871 A.2d 776 (2005)
377 N.J. Super. 182
Samuel WEINSTOCK, Individually and as stockholder, officer and director of Weinstock Supply Co., Inc., a New Jersey corporation, Hanover Supply Co., Inc., a New Jersey Corporation, S & H Corporation, a New Jersey corporation, Stockholding Corporation, a New Jersey corporation, and S & H Partners, a New Jersey Partnership, Plaintiff-Respondent, Cross-Appellant,
v.
Herman WEINSTOCK, Individually and as stockholder, officer and director of Weinstock Supply Co., Inc., a New Jersey corporation, Hanover Supply Co., Inc., a New Jersey Corporation, S & H Corporation, a New Jersey corporation, Stockholding Corporation, a New Jersey corporation, and as a partner in S & H Partners, a New Jersey Partnership, Defendant-Appellant, Cross-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 2005.
Decided April 27, 2005.
*777 Stephen N. Dratch, Livingston, argued the cause for appellant/cross-respondent (Franzblau Dratch, attorneys; Mr. Dratch, on the brief).
Tab K. Rosenfeld (Rosenfeld Kaplan) of the New York bar, admitted pro hac vice, New York City, argued the cause for respondent/cross-appellant (Budd Larner, attorneys; Mr. Rosenfeld, on the brief).
Before Judges LINTNER, PARKER and BILDER.
The opinion of the court was delivered by
LINTNER, J.A.D.
Plaintiff, Samuel Weinstock, and his brother, defendant, Herman Weinstock, jointly owned three closely-held corporations, a partnership, and real estate, which ultimately became the subject matter of a suit instituted by Samuel in the Chancery Division, seeking, among other things, an accounting, dissolution, division of the assets, and appointment of a fiscal agent. Herman, by way of counterclaim, sought similar relief. A Special Fiscal Agent was appointed pursuant to a consent order entered in October 1999. On December 23, 1999, the Chancery judge signed an order for discovery and binding arbitration, which in part provides:
18. On February 29, 1999, the case shall be stayed pending completion of binding Arbitration, except solely for the right of a party to apply to the Court for relief relating to the Arbitration as allowed and restricted by law.
19. In the event that the parties cannot agree on an arbitrator, the Fiscal Agent shall appoint an arbitrator....
....
21. The Arbitrator shall prepare Findings of Fact and Conclusions of Law.
22. The parties waive the right to appeal from any aspect of the Arbitrator's decision other then the Conclusions of Law (e.g., mistakes in Findings of Fact, evidence issues, against the weight of evidence, etc.). The appeal, if any, is to be made to the Superior Court, Appellate Division, as allowed by and in accordance with the Alternative Dispute Resolution Statute.
The Fiscal Agent appointed an arbitrator in June 2000. On July 21, 2000, the Fiscal Agent executed a ruling following a conference with the parties, the last paragraph of which provided:
The parties consent to modify the terms of the prior Consent Order For Arbitration in that all arbitrated issues (factual and legal) shall be appealable to the *778 Appellate Division to the same extent and in the same manner as if appealed from a decision of the trial court of the Superior Court of New Jersey. The Fiscal Agent will prepare and file (and the parties' counsel will sign) an Amended Consent Order to be executed by the Court.
However, an amended consent order was never prepared by the Fiscal Agent, nor was one signed by the parties or submitted to the judge. On January 20, 2001, the judge entered an order dismissing the case without prejudice, but retained jurisdiction to resolve, among other things, arbitration-related disputes.[1]
Arbitration hearings took place over a period of ten days. On May 16, 2002, the arbitrator issued a detailed forty-six-page opinion with his findings of fact and conclusions of law. On July 10, 2002, the arbitrator reviewed the parties' objections and motions for reconsideration and rendered a written Order on Application for Clarification and Reconsideration of Final Decision and Arbitration Award. On August 23, 2002, the parties appeared at a hearing before the judge to confirm the arbitration. At that time, representations were made to the judge concerning the parties alleged agreement to expand their rights of appeal as reflected in the Fiscal Agent's July 2000 ruling and whether the arbitrator had been made aware of the parties' purported change of the judge's December 13, 1999 order. Because there was some confusion concerning what the parties actually agreed to, the judge remanded the matter to the arbitrator to make that determination. In pertinent part, the judge's order sought
clarification of his Award and Order, if deemed appropriate by him, as to whether the parties' rights to appeal any award from the arbitration proceedings were governed by (i) paragraph 21 of the Order ... [of] December 13, 1999, (ii) paragraph 14 of the Rulings of Fiscal Agent ... dated July 21, 2000... or (iii) the agreement of the parties, if any, during the course of the arbitration proceedings relating to the above Order and Rulings, or relating to the appellate rights of the parties in general.[2]
On October 21, 2002, the arbitrator issued a written report in which he found that both parties agreed to modify the terms of the December 13 order to expand the scope of review from issues raised respecting "conclusions of law" to "all arbitration issues (factual and legal)." Nevertheless, the arbitrator concluded that he did not "have the jurisdiction or power to modify the prior Court Order." The arbitrator further indicated that he was not aware of the modification until after arbitration was completed.
On November 15, 2002, the parties again appeared before the Chancery judge. The judge accepted the arbitrator's finding that the parties had indeed changed their agreement but found that there was nothing in the record to show that the arbitrator would have changed the way he conducted the hearing or admitted evidence had he known of the change. The judge stated:
Well, it seems to me that ... this arbitration was conducted under an agreement which is permissible under the law to modify the limited scope of Appellate review so that you can go up to  either side can go up to the Appellate Division and ask the Appellate Division to review [the arbitrator's] decision *779 as though it were the decision of the Superior Court. And I don't see that there's any real question about that.
The judge then found:
The only other thing that is  I think is before me has to do with confirmation of the award. Both parties seem to be asking that the award be confirmed. And I'm not, frankly, sure what that means in this case given that I certainly am not applying the standard that is normally applied for confirmation. And, in fact, the parties have already decided that the standard for review of this decision is going to be something much different. And it's going to be a full right of review before the Appellate Division.
On November 15, 2002, the judge entered his order confirming the arbitration award, indicating that it had been rendered in "compliance with the Court's Order for Discovery and Binding Arbitration dated December 13, 1999." The order made no mention of the parties alleged modification of the December 13 order nor did the judge make any findings regarding the arbitrator's conclusions of law or findings of fact.

THE APPEAL PROCESS
In their appeals, both parties raise numerous issues respecting the arbitrator's conclusions of law and findings of fact. We need not address the merits because we are satisfied that these appeals are not properly before us. The Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -30, is a voluntary procedure for alternative dispute resolution, which becomes operable upon voluntary agreement by the parties. Mt. Hope Dev. Assoc. v. Mt. Hope Waterpower Project, 154 N.J. 141, 145, 712 A.2d 180, 182 (1998). Parties who enter into an agreement under the APDRA waive their right to a jury trial and appeal except as provided by section 13 of the act. N.J.S.A. 2A:23A-2b. At the time of its enactment in 1987, the APDRA provided an expanded right of review over that provided by the Arbitration Act, N.J.S.A. 2A:24-1 to -11, by permitting court review of an umpire decision for prejudicial error resulting from erroneous application of law to the issues and facts presented.
Appeals pursuant to the APDRA are proscribed and may be obtained "only as provided in section 13." N.J.S.A. 2A:23A-5b. Under section 13, appellate review shall be commenced by "summary application in the Superior Court for its vacation, modification, or correction." N.J.S.A. 2A:23A-13a. Thus, the only appeal of an umpire's award contemplated by the APDRA "is an expedited summary review to the Chancery Division of the New Jersey Superior Court." Mt. Hope, supra, 154 N.J. at 148, 712 A.2d at 184. Moreover, the court may only vacate or modify awards where the umpire's decision amounts to prejudicial error by erroneously applying law to the issues and facts presented. N.J.S.A. 2A:23A-13c(5); 2A:23A-13e(4). Where the court finds that the umpire committed such error requiring it to vacate or modify the award, it is required to "appropriately set forth the applicable law and arrive at an appropriate determination under the applicable facts determined by the umpire." N.J.S.A. 2A:23A-13f. After making its determination, the court shall enter a judgment or decree in conformity with its determination. Most importantly, "[t]here shall be no further appeal or review of the judgment or decree." N.J.S.A. 2A:23A-18b. Any further review by the Appellate Division beyond that provided by the APDRA would be limited to those "rare circumstances" where public policy would trigger the general supervisory power of *780 the Courts. Mt. Hope, supra, 154 N.J. at 152, 712 A.2d at 185.
"Although limited judicial review is a central component of the APDRA, the APDRA's procedures are entirely voluntary, and thus, parties are free to invoke its procedure in toto or subject to agreed upon modifications." Id. at 149, 712 A.2d at 184 (citing Tretina Printing, Inc. v. Fitzpatrick & Assoc., Inc., 135 N.J. 349, 358, 640 A.2d 788, 793 (1994) (quoting Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 548-49, 610 A.2d 364, 399 (1992), (Wilentz, C.J., concurring))), holding that (parties are free to expand the scope of judicial review of an arbitrator's decisions under N.J.S.A. 2A:24-9, by providing in their agreement, for example, that an award must conform with state law). Although parties are permitted by agreement to expand the scope and extent of appeal, judicial review of an arbitrator's decision under the APDRA or the Arbitration Act is, in the first instance, to be made by the Chancery Division judge, who is required to make the appropriate findings of fact and conclusions of law whether the decision confirms the award as entered, or modifies it or vacates it in whole or in part. See Mt. Hope, supra, 154 N.J. at 148, 712 A.2d at 183-84 (respecting APDRA); Tretina, supra, 135 N.J. at 354-55, 640 A.2d at 790-91 (respecting the Arbitration Act).
Here, in both the order of December 13, 1999, and the Fiscal Agent's ruling of July 21, 2000, the parties seek a direct review of the arbitrator's decision by the Appellate Division. There is no authority for this approach. First and foremost, as we have previously indicated, section 18b of APDRA expressly precludes appeal beyond the Chancery Division. N.J.S.A. 2A:23A-18b. Sections 7, 8, and 9 of the Arbitration Act require that applications to confirm, modify, or vacate an award be made to the trial court. N.J.S.A. 2A:24-7, -8, -9. There is no provision in the APDRA or the Arbitration Act permitting a direct appeal from either an arbitrator or umpire's decision to the Appellate Division. Parties are not permitted to create subject matter jurisdiction by agreement. The authority of a court to hear and determine certain classes of cases rests solely with the Constitution and Legislature. N.J. Citizen Action v. Riviera Motel Corp., 296 N.J.Super. 402, 411, 686 A.2d 1265, 1270 (App.Div.), cert. granted, 152 N.J. 13, 702 A.2d 352 (1997), appeal dismissed, 152 N.J. 361, 704 A.2d 1297 (1998).
At oral argument on appeal, defendant suggested that their modification changed the governing arbitration statute from the APDRA to the Arbitration Act. We have reservations about the power of the parties to make such a change. Mt. Hope, supra, 154 N.J. at 149, 712 A.2d at 184, does no more than permit modification of the scope of judicial review.
The parties also assert that the July 2000 agreement modified the scope of that review to include "all arbitrated issues" rather than those embracing conclusions of law. As we have already noted, the law permits the parties to modify the scope of review, however, the meaning of their agreement and the extent of the modification is a matter for the Chancery judge. See Tretina, supra, 135 N.J. at 358, 640 A.2d at 792-93; Perini, supra, 129 N.J. at 548-49, 610 A.2d at 399-400. Although the Chancery judge apparently accepted the parties' position that they modified the order of December 13, 1999, that order has neither been vacated nor modified by a subsequent order, nor has there been a determination of the extent to which the parties modified the prior order, if in fact it is no longer in force.
Regardless, whether the parties are ultimately deemed to have expanded the *781 scope of review or participated in binding arbitration under the APDRA or the Arbitration Act, their direct appeal is to the Chancery Division, not the Appellate Division. Accordingly, we dismiss the appeal and remand the matter to the Chancery Division to determine whether to confirm, modify, or vacate the arbitrator's award pursuant to either the APDRA or the Arbitration Act, whichever is found to apply.
Appeal dismissed.
NOTES
[1] The order, which is not provided in the appendix, is cited by plaintiff in his brief.
[2] The September 18, 2002 order was also not provided in the appendix, but is cited in the Report of the Arbitrator.