9 A.3d 1081 (2010)
417 N.J. Super. 370
Henry MANGER, Plaintiff-Respondent,
v.
Lorraine MANGER, Defendant-Appellant.
Docket No. A-2919-09T1.
Superior Court of New Jersey, Appellate Division.
Submitted: December 8, 2010.
Decided: December 27, 2010.
*1082 Ruane & Zuber, LLC, attorneys for appellant (Edward P. Ruane, Colonia, on the brief).
Simon & O'Brien, attorneys for respondent (John T. Knapp, Parsippany, of counsel and on the brief).
Before Judges CUFF, SAPP-PETERSON, and FASCIALE.
The opinion of the court was delivered by
CUFF, P.J.A.D.
Defendant Lorraine Manger appeals from an order confirming an arbitration award and denying her motion to vacate the same award. We affirm.
Plaintiff Henry Manger and defendant married in 1964. Plaintiff filed a complaint for divorce on January 12, 2007. Two issues dominated the matrimonial litigation: the value of a beauty salon owned and operated by the parties and the distribution of the asset. On May 20, 2008, Judge Ramsay entered a Judgment of Divorce (JOD) and referred the financial issues to binding arbitration. The JOD provided that "[a]ll prior Orders entered by *1083 [the] Court shall remain in full force and effect until a final determination is made by the Arbitrator." Among the prior orders entered in this matter was a March 13, 2007 case management order that required completion of all business appraisals by May 31, 2007.
Defendant's initially retained attorney withdrew as counsel, and by order dated January 31, 2008, Judge Ramsay granted a motion to substitute counsel, but denied defendant's request to re-open discovery. At a March 6, 2008 intensive settlement conference, defendant's newly substituted counsel sought to obtain a report on the value of the business, but Judge Ramsay ruled that discovery would not re-open. The parties agreed to arbitrate the financial issues following this failed settlement conference.
Judge Ramsay appointed an arbitrator on October 16, 2008. After a January 8, 2009 settlement conference that resolved some, but not all, issues, the arbitrator established the date and time of the arbitration hearing, barred introduction of expert reports, and established the schedule for exchange of evidence and exhibits. Specifically, the arbitrator directed that the documents each side intended to introduce at the hearing "must be exchanged with opposing counsel in advance of the hearing." The arbitrator also directed defendant's attorney to submit a memorandum in support of admission of another attorney pro hac vice. In her January 12, 2009 letter setting forth these terms, the arbitrator cited the terms of the March 13, 2007 case management order, Judge Ramsay's March 31, 2008 order declining to re-open discovery, and both parties' failure to submit an expert report during the Superior Court proceedings. The arbitrator denied the pro hac vice request in correspondence dated March 4, 2009.
At the arbitration hearing, the parties submitted only the issues of the equitable distribution of the business, defendant's request for alimony, and each party's request for counsel fees and costs. At the hearing, the arbitrator excluded from evidence plaintiff's banking statements from 2005-2007 because these statements had not been provided in discovery or pursuant to the arbitrator's January 8, 2009 directive. On the second day of the hearing, the arbitrator denied defense counsel's application to be released as counsel of record; defendant's attorney had cited defendant's loss of confidence in him.
In the award, the arbitrator found the hair salon was subject to equitable distribution, rejected liquidation of the business, and awarded the business to plaintiff. The arbitrator also awarded defendant $650 weekly as equitable distribution of her share of the business. This sum is payable to defendant "for so long as [plaintiff] continues to own and operate the entity." The arbitrator did not award alimony to defendant because the parties' income, earned and unearned, was in relative parity.[1]
Defendant moved to vacate the arbitration award. Judge Ramsay denied the motion and confirmed the award in a January 11, 2010 order. The judge found the arbitrator's decision in support of her award demonstrated that both parties had ample opportunity to submit relevant *1084 proofs and that defendant failed to establish misconduct. Notably, Judge Ramsay commented that "[b]efore the parties agreed to submit this matter to arbitration, this Court had scheduled a firm trial date in this matter." At that time, neither party had sought a valuation of the business and discovery had closed. Moreover, the judge observed that the discussion of the award and the award itself reflected the extent of the marital estate revealed to her during the pendente lite proceeding. Judge Ramsay specifically noted that "[b]oth parties have limited financial means. Thus, the expense of [an expert to value the business] may well have been prohibitive."
On appeal, defendant argues that Judge Ramsay erred when she confirmed the arbitration award because the arbitrator committed misconduct when she refused to allow expert testimony, admit certain evidence, and admit her choice of co-counsel on a pro hac vice basis. Plaintiff argues the Arbitrator committed no misconduct.
Here, the parties agreed to arbitrate the financial issues. When parties to a matrimonial proceeding agree to arbitrate disputed issues, they may designate whether the proceeding will be submitted pursuant to the Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -30, or the Uniform Arbitration Act (Arbitration Act), N.J.S.A. 2A:23B-1 to -32. Compare Fawzy v. Fawzy, 199 N.J. 456, 480, 973 A.2d 347 (2009) (parties agreed to arbitrate their child custody dispute under the Arbitration Act) with Johnson v. Johnson, 204 N.J. 529, 547, 9 A.3d 1003, 1014 (2010), 2010 WL 5018581 (parties agreed to resolve parenting schedule dispute under APDRA). Here, the parties did not designate whether the arbitration of the disputed financial issues should be resolved under the Arbitration Act or under APDRA.
Both parties apparently agree that the Arbitration Act governs review of the arbitration award because they fashioned their arguments with specific reference to the Arbitration Act. We agree that the Arbitration Act governs review of this award in light of the express provisions of the Arbitration Act and APDRA. Notably, sections 2, 3, and 4 of APDRA, N.J.S.A. 2A:23A-2, -3, and -4, refer to agreements to resolve a dispute "as provided in this act," or "under this act." This language clearly directs that the parties must expressly elect to be governed by APDRA. See Weinstock v. Weinstock, 377 N.J.Super. 182, 188, 871 A.2d 776 (App.Div.2005) ("[APDRA] is a voluntary procedure for alternative dispute resolution, which becomes operable upon voluntary agreement by the parties."). On the other hand, the Arbitration Act expressly provides that "all agreements to arbitrate" made on or after January 1, 2003, except an arbitration between an employer and representatives of employees under a collective bargaining agreement or collectively negotiated agreement, shall be governed by the Arbitration Act. N.J.S.A. 2A:23B3a. In the absence of an express designation in an agreement, the Arbitration Act governs the arbitration.
Review of an arbitrator's decision is limited, and a trial judge can vacate the award only in certain circumstances. When a party files a summary action,
the court shall vacate an award made in the arbitration proceeding if:
(1) the award was procured by corruption, fraud, or other undue means;
(2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator *1085 prejudicing the rights of a party to the arbitration proceeding;
(3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;
(4) an arbitrator exceeded the arbitrator's powers;
(5) there was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection pursuant to subsection c. of section 15 of this act not later than the beginning of the arbitration hearing; or
(6) the arbitration was conducted without proper notice of the initiation of an arbitration as required in section 9 of this act so as to substantially prejudice the rights of a party to the arbitration proceeding.
[N.J.S.A. 2A:23B-23a (footnotes omitted).]
A party seeking to vacate an arbitration award must first obtain trial court review of the award. Hogoboom v. Hogoboom, 393 N.J.Super. 509, 515, 924 A.2d 602 (App.Div.2007). As the decision to vacate an arbitration award is a decision of law, this court reviews the denial of a motion to vacate an arbitration award de novo. Del Piano v. Merrill Lynch, Pierce, Fenner & Smith Inc., 372 N.J.Super. 503, 507, 859 A.2d 742 (App.Div.2004), certif. granted, 183 N.J. 218, 871 A.2d 95, appeal dismissed by 195 N.J. 512, 950 A.2d 901 (2005).
This review is informed by the authority bestowed on the arbitrator by the Arbitration Act. At all arbitration hearings, the parties have the "right to be heard, to present evidence material to the controversy, and to cross-examine witnesses appearing at the hearing." N.J.S.A. 2A:23B-15d. The parties also have the right to be represented by a lawyer. N.J.S.A. 2A:23B-16. In the interest of making the hearing "fair, expeditious, and cost effective," the arbitrator may permit "such discovery as the arbitrator decides is appropriate in the circumstances...." N.J.S.A. 2A:23B-17c. The arbitrator can also direct a party to comply with any discovery-related orders. N.J.S.A. 2A:23B-17d.
Consistent with her authority to "conduct an arbitration in such manner as the arbitrator considers appropriate for a fair and expeditious disposition of the proceeding," N.J.S.A. 2A:23B-15a, the arbitrator could have ignored or revised the orders entered in the trial court. On the other hand, the arbitrator could apply any and all orders previously entered in the trial court and fashion new discovery and case management orders for the arbitration proceeding. Here, the arbitrator exercised her broad authority to follow the latter course. Notably, the arbitrator provided an opportunity for each party to identify and exchange the documents on which they intended to rely at the hearing. When the parties failed to do so, the arbitrator had the authority to exclude the bank statements offered by defendant and any other documents not produced in accordance with the case management order. Moreover, as noted by Judge Ramsay, the arbitration hearing proceeded in the same posture as the matter would have proceeded in the trial courtwithout expert testimony of the value of the marital business.
We also consider defendant's reliance on Wein v. Morris, 194 N.J. 364, 944 A.2d 642 (2008) misplaced. In Wein, the Court held that an order referring a matter to arbitration is a final order subject to an appeal as of right. Id. at 377-80, 944 A.2d 642. *1086 The Court did not address whether orders entered in the trial court survive in the succeeding arbitration proceedings. Defendant's argument also ignores the language of the order referring this matter to arbitration that expressly provided that all orders shall remain in effect and the arbitrator's authority to honor or alter all prior orders.
We discern no basis to disturb the arbitrator's award. Consistent with the arbitrator's broad authority to conduct the proceeding, she entered a case management order that allowed the parties to identify and exchange all evidence to be submitted at the hearing. The arbitrator issued a comprehensive decision in support of the award. The arbitrator explained at length the basis of her decision of the value of the salon, and the manner in which defendant's share shall be distributed. The arbitrator's decision also reveals clear reliance on evidence submitted by both parties concerning their budgets, business revenue, and tax status. We also note that the arbitrator ruled two months before the hearing that no expert testimony would be received. Therefore, defendant had ample opportunity to fashion her evidence well before the hearing.
Finally, defendant argues that the arbitration award must be vacated because the arbitrator erred by barring admission pro hac vice of her proposed out-of-state attorney. We consider this issue as without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] The arbitrator stated "[g]iven the fact that the parties' earned and unearned incomes are relatively in parity at this juncture, and given the fact that [defendant's] net worth currently substantially exceeds that of [plaintiff's], applying the factors set forth in N.J.S.A. 2A:34-23, there will be no obligation on the part of [plaintiff] to pay [defendant] alimony at the present time." This language allows defendant to seek alimony at a later date if circumstances change.