**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0750-15T2

LINDA LITTON,

    Plaintiff-Respondent,

v.

YEHUDA BEN LITTON,

    Defendant-Appellant.

_____

        Submitted December 8, 2016 — Decided February 17, 2017

        Before Judges O'Connor and Whipple.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Ocean County,
        Docket No. FM-15-1374-08.

        August J. Landi, attorney for appellant.

        Linda Litton, respondent pro se.

PER CURIAM

    Defendant, Yehuda Ben Litton, appeals from a March 6, 2015 order denying his motion to vacate an arbitration award entered by a rabbinical panel on December 11, 2008. We affirm.

    Defendant and his wife, plaintiff, were married in August 1982 and had a son together. On January 10, 2008, a Family Part

judge entered a judgment of divorce and ordered the parties to share joint custody of their son. The parties were directed to proceed to arbitration before a rabbinical panel and entered into an agreement on May 28, 2008, to engage such a rabbinical panel, or a Beth Din. The panel consisted of three rabbis, one of whom was Rabbi Mendel Epstein.

An arbitration award was entered on December 11, 2008, which ordered defendant to pay plaintiff $5000 per month until he gives her a Get.[1] The award provided once plaintiff received the Get, defendant's support obligation would be reduced to $3500 per month, which included their son's tuition, camp expenses, and medical coverage. The award also required defendant pay plaintiff $20,050 in arrears, pay $100,000 in plaintiff's past legal fees, and pay plaintiff $250,000 for his refusal to disclose information about the couple's joint funds.

Plaintiff moved for enforcement of the award. On July 28, 2009, a Family Part judge found defendant was not capable of complying with the support order and denied plaintiff's request to incarcerate defendant pursuant to Rule 1:10-3. The record does

---

[1] A "Get" is a written document a husband must obtain and deliver to his wife when entering in to a divorce. Without a Get, a wife cannot remarry under Jewish law. Minkin v. Minkin, 180 N.J. Super. 260, 261-62, 261 n.1 (Ch. Div. 1981).

not indicate whether defendant paid any of the money ordered in the arbitration award.

In 2013, in a wholly unrelated matter, a criminal complaint was filed in the United States District Court for the District of New Jersey, charging Rabbi Epstein with criminal conspiracy to threaten and coerce Jewish husbands to give Gets to their wives.

On November 13, 2013, after a child support enforcement proceeding, a Family Part judge reduced defendant's child support obligation from $5000 per month to $23 per week. On November 21, 2014, defendant moved to vacate the arbitration award entered by the rabbinical panel, arguing the award was the product of corruption. At a March 6, 2015 hearing, a Family Part judge dismissed defendant's motion without prejudice because there was no causal link between the parties' arbitration decision in 2008 and Rabbi Epstein's charges. Moreover, the judge stated his decision would be no different notwithstanding Rabbi Epstein's conviction, as there were two other rabbis on defendant's panel not charged as part of the criminal conspiracy. This appeal followed.

On appeal, defendant argues the trial court erred in denying his motion to vacate the arbitration award as defendant made a prima facie showing the award was the product of corruption. His purported evidence of corruption included the Family Part judge's

determination defendant could not afford to pay $5000 per month and the consequent denial of plaintiff's request to incarcerate him for non-payment, the judge's reduction in child support from $5000 per month to $23 per week, and Rabbi Epstein's conviction.

We review the trial court's denial of a motion to vacate an arbitration award de novo. Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010). The Uniform Arbitration Act governs arbitration awards in New Jersey, N.J.S.A. 2A:23B-1 to -32. New Jersey favors arbitration as a means of dispute resolution and considers an agreement to "be valid under [S]tate law unless it violates public policy." Hojnowski v. Vans Skate Park, 187 N.J. 323, 342 (2006). Once parties agree to binding arbitration, the role of the court is to enforce orders issued by the arbitrator, N.J.S.A. 2A:23B-17(g); confirm an arbitration award, N.J.S.A. 2A:23B-22; correct or modify an award, N.J.S.A. 2A:23B-24; and in only very limited circumstances, vacate an award pursuant to N.J.S.A. 2A:23B-23. Minkowitz v. Israeli, 433 N.J. Super. 111, 134 (App. Div. 2013).

N.J.S.A. 2A:23B-23 states,

> the court shall vacate an award made in the arbitration proceeding if: (1) the award was procured by corruption, fraud or other undue means; (2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the

rights of a party to the arbitration proceeding . . . .

The party "seeking to vacate an arbitration award bears the burden of demonstrating 'fraud, corruption, or similar wrongdoing on the part of the arbitrator.'" Minkowitz, supra, 433 N.J. Super. at 136 (quoting Tretina v. Fitzpatrick & Assocs., 135 N.J. 349, 357 (1994)).

Defendant has offered no proof the arbitration award decided by the rabbinical panel was procured by fraud or corruption, or based upon the partiality of the arbitrators. Defendant suggests, by virtue of Rabbi Epstein's criminal conviction, the court can "connect the dots" and infer the arbitration award in the parties' case was fraudulently procured or corrupt. However, as the trial judge stated, "[t]he dots are too far away and unrelated." Defendant has not provided any evidence the arbitration award was the product of fraud or coercion by Rabbi Epstein.

Defendant argues Rabbi Epstein had a duty to disclose the lengths he would go to "assure wayward husbands granted GETS to their wives." An arbitrator is under a duty to disclose to all parties any financial or personal interest, and any existing or past relationship with any of the parties. N.J.S.A. 2A:23B-12(a). Additionally, if the arbitrator fails to disclose a fact as required by N.J.S.A. 2A:23B-12(a), a court may vacate the

5

arbitration award pursuant to N.J.S.A. 2A:23B-23. N.J.S.A. 2A:23B-12(d).

Here, defendant has not established Rabbi Epstein had a financial or personal interest in the arbitration award. There is no evidence plaintiff paid Rabbi Epstein to obtain a higher arbitration award. There is also no evidence Rabbi Epstein was unlawfully coercing husbands to give their wives Gets at the time plaintiff and defendant engaged the rabbinical panel. According to the Rabbi's federal criminal complaint, the first Get obtained by corruption was in November 2009, almost a year after the rabbinical panel decided the parties' arbitration award. Because defendant has failed to satisfy his burden of proving the arbitration award was procured by fraud or corruption, the motion to vacate the arbitration award was properly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0750-15T2