**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3139-17T1

LINDA M. SHANNON,

     Plaintiff-Respondent,

v.

PARKER S. SHANNON,

     Defendant-Appellant.

---

Argued May 13, 2019 – Decided July 3, 2019

Before Judges Messano and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0773-15.

Dale Elizabeth Console argued the cause for appellant.

Steven B. Lieberman argued the cause for respondent.

PER CURIAM

In this hotly-contentious matrimonial matter, defendant appeals from a March 19, 2018 Family Part order, entering a dual final judgment of divorce

(FJOD). The FJOD incorporated an October 19, 2017 final binding award of the arbitrator and his accompanying written decision. On November 14, 2017, a Family Part judge entered an order confirming the arbitrator's award. On February 15, 2018, another judge denied defendant's motion to vacate that order and modify the arbitrator's award.

On appeal, defendant raises the following points for our consideration:

> POINT I
>
> THE PROCEDURAL AND SUBSTANTIVE DEFECTS IN THIS ARBITRATION, SERIALLY OR COLLECTIVELY, RESULT IN A MISCARRIAGE OF JUSTICE, INFECT THE INTEGRITY OF THE PROCESS AND REQUIRE VACATUR.
> (Not Raised Below)
>
> A. The [a]rbitrator exceeded his authority by convincing the parties to eliminate significant procedural and substantive rights.
>
> B. The [a]rbitration [a]greement does not comply with mandatory provisions of R[ule] 5:1-5.
>
> C. There is nothing in either the [a]rbitration [a]greement or the [a]rbitrator's [retainer letter] that constitutes an adequate Minkowitz[1] waiver.
>
> D. The [a]rbitrator engaged in bias, refused to post[]pone the hearing without just cause and exceeded

---

[1] Minkowitz v. Israeli, 433 N.J. Super. 111, 147-48 (App. Div. 2013) (recognizing "absent the parties' contract to the contrary, once a neutral assumes the role of mediator, he or she may not assume the role of arbitrator").

his authority in requiring . . . [d]efendant to try the matter without counsel.

POINT II

IN THE ALTERNATIVE, THE TRIAL COURT APPLIED THE WRONG STANDARD OF REVIEW ON THE MOTION FOR RECONSIDERATION REQUIRING REVERSAL AND REMAND.

We are unpersuaded by these arguments and affirm.

I.

The pertinent facts and procedural history are largely undisputed. Plaintiff Linda M. Shannon and defendant Parker S. Shannon were married in September 1999; two children were born of the marriage within the next three years. During the marriage, defendant was employed as an investment banker; plaintiff was a stay-at-home mom. Plaintiff filed for divorce in February 2015; defendant answered and filed a counterclaim.

In the midst of the ensuing divorce proceedings, the parties executed a consent order agreeing to participate in binding arbitration before a designated retired Superior Court judge, who was selected by the parties. Plaintiff's attorney drafted the arbitration agreement. At that time, defendant was not represented by counsel in the divorce proceedings, although he was represented in another proceeding contemporaneously pending in the Family Part.

3

Defendant notified the arbitrator that he "d[id] not consent" to the arbitration agreement as drafted by plaintiff's counsel and sought a "revised agreement." On June 24, 2016, the parties met with the arbitrator; made several handwritten revisions and deletions to the agreement; and signed the arbitration agreement and the arbitrator's retainer letter.

As set forth in the arbitration agreement, the parties clearly elected to "submit [their disputes] to binding arbitration, pursuant to the terms of th[e arbitration a]greement and the arbitrator's retainer letter." Pertinent to this appeal, the arbitration agreement expressly states the New Jersey Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -30, "shall govern the arbitration, unless inconsistent with the terms of th[e arbitration a]greement."

Shortly after executing the arbitration agreement and retainer letter, defendant retained counsel. Over the course of the following year, the arbitrator spent more than one hundred hours attempting to resolve the parties' disputes, which included three "[m]ediation/[a]rbitration sessions" during May 2017. Defendant then made an informal application to recuse the arbitrator or terminate the proceedings, which the arbitrator denied. In July 2017, a Family Part judge granted plaintiff's motions to enforce the June 10, 2016 consent order

and arbitration agreement; and denied defendant's cross-motion to substitute the arbitrator. Notably, defendant did not appeal from the court's memorializing order.

Three weeks before the arbitration hearing was scheduled to begin, defense counsel withdrew his representation. The arbitrator denied defendant's adjournment request, finding there was sufficient time for another attorney to prepare for the hearing. Defendant protested. Using funds held in trust, the arbitrator then designated a particular attorney to serve as defendant's advisory counsel.

Following a two-week hearing in August and September 2017, the arbitrator issued an award addressing all issues raised before him, including but not limited to: custody of the children; parenting time; child support and expenses; alimony; and distribution of assets. The arbitrator also granted defendant a Mallamo[2] adjustment, thereby reducing his child support arrears to $20,000. The arbitrator's detailed written decision, accompanied the award.

Thereafter, defendant sent to the arbitrator multiple emails followed by a November 1, 2017 letter, seeking to modify or vacate the award pursuant to

---

[2] Mallamo v. Mallamo, 280 N.J. Super. 8, 17 (App. Div. 1995) (permitting a retroactive adjustment of pendente lite child support).

A-3139-17T1

"N.J.S.A. 2A:23A-12 and -13 [of APDRA] . . . limited in scope to correcting one mathematical error in the award, and to correct one error in matter of form not affecting the merits of the controversy." Citing his "serious concern that many underlying conclusions" which formed the basis of the award were "contrary to the substantial and credible evidence presented[,]" defendant reserved his right to appeal to the Superior Court if the arbitrator denied his application.

In denying the application, the arbitrator specifically noted "[t]he agreement to arbitrate was under [the APDRA]. However, [N.J.S.A.] 2A:23B-23 and [N.J.S.A.] 2A:23B-24 are cited in the retainer letter as the [sections of the Uniform Arbitration Act (UAA)[3]] governing the right of appeal." Importantly, the arbitrator ultimately determined, "[r]egardless of which statute governs, the request for modification based on mathematical error is denied because there [wa]s no mathematical error" and there was "no basis to modify or vacate" the award.

Regarding his mathematical calculation of defendant's depletion of marital assets, the arbitrator explained, "approximately $800[,000] was spent by

---

[3] N.J.S.A. 2A:23B-1 to -32.

[defendant] on the business, the Tesla, art work, the Rolex, and the Paris vacation with [defendant]'s girlfriend . . . [and defendant] additionally depleted marital funds on hotels, furniture and furnishings, restaurants, and a country club membership." Addressing defendant's veiled motion to modify or vacate the award, the arbitrator noted he considered all evidence; gave both sides ample opportunity to present their cases; gave defendant ample time to retain substitute counsel; assisted defendant in presenting his case; denied he was biased against either party; and permitted the parties the opportunity to record the proceedings, but defendant declined to do so.

In the interim, by correspondence dated October 20, 2017, plaintiff requested that the Family Part confirm the arbitration award and schedule the matter for a hearing on an uncontested basis. Defendant objected pro se, but a judge entered an order granting the relief sought by plaintiff.[4] Pertinent to this appeal, defendant then filed a pro se motion seeking to administratively vacate and modify the order confirming the award and to enter a FJOD based on his proposed modifications. Another judge denied defendant's application, and affirmed the arbitration award and the order confirming the award.

---

[4] We cannot discern from the record whether or not the judge considered defendant's objection.

A-3139-17T1

In an accompanying statement of reasons, the motion judge initially determined the "[p]arties' arbitration agreement does not provide for any appeal, except for appeal by right pursuant to [the UAA]." Thoroughly addressing each of the "nine appealable circumstances" under N.J.S.A. 2A:23B-23 and N.J.S.A. 2A:23B-24 of the UAA, the judge found there was no basis to vacate the arbitrator's award.

## II.

"[T]he scope of review of an arbitration award is narrow." Fawzy v. Fawzy, 199 N.J. 456, 470 (2009). Indeed, "[a]rbitration can attain its goal of providing final, speedy and inexpensive settlement of disputes only if judicial interference with the process is minimized; it is, after all, meant to be a substitute for and not a springboard for litigation." Id. at 468 (citation omitted). Toward that end, "arbitration should spell litigation's conclusion, rather than its beginning . . . ." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013) (citation omitted).

Moreover, "[t]he public policy of this State favors arbitration as a means of settling disputes that otherwise would be litigated in a court." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015). This "strong public policy" also favors "using arbitration in family litigation[.]" Minkowitz, 433 N.J. Super. at

131-32.  Accordingly, "courts grant arbitration awards considerable deference." East Rutherford PBA Local, 213 N.J. at 201.  Because the trial court's decision to affirm or vacate an arbitration award is a decision of law, our review is de novo. Minkowitz, 433 N.J. Super. at 136; see also Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010).

Of particular relevance here, "[w]hen parties to a matrimonial proceeding agree to arbitrate disputed issues, they may designate whether the proceeding will be submitted pursuant to the [APDRA], or the [UAA]."  Manger, 417 N.J. Super. at 374.  Notably, the "parties must expressly elect to be governed by APDRA."  Id. at 375 (citing Weinstock v. Weinstock, 377 N.J. Super. 182, 188 (App. Div. 2005) ("[APDRA] is a voluntary procedure for alternative dispute resolution, which becomes operable upon voluntary agreement by the parties.")).  Thus, "in the absence of an express designation in an agreement, the [UAA] governs the arbitration."  Ibid.

Under the APDRA, our review of a trial court's decision to confirm, modify or vacate an arbitration is circumscribed.  N.J.S.A. 2A:23A-18b ("Upon the granting of an order confirming, modifying or correcting an award, a judgment or decree shall be entered by the court in conformity therewith and be enforced as any other judgment or decree.  There shall be no further appeal or

review of the judgment or decree."). Accordingly, as long as a trial court provides a rational explanation, we must dismiss the appeal "regardless of whether we may think the trial judge exercised that jurisdiction imperfectly." Fort Lee Surgery Ctr., Inc. v. Proformance Ins. Co., 412 N.J. Super. 99, 103-04 (App. Div. 2010).

Our Supreme Court has recognized "rare circumstances" based on public policy may warrant our review. Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project LP, 154 N.J. 141, 152 (1998). For example, a decision confirming, modifying, or vacating an arbitration award that shows clear bias on the part of the trial court "require[s] appellate court review." Ibid.

Similarly, we have determined that when a trial judge misapplies or ignores the standards of review established under N.J.S.A. 2A:23A-13 and fails to rule on a party's specific claims, appellate court review may be granted. Morel v. State Farm Ins. Co., 396 N.J. Super. 472, 475-76 (App. Div. 2007) ("When a [trial] judge fails to [consider N.J.SA. 2A:23A-13], . . . our supervisory role requires consideration of the appeal and reversal and remand for application of the statutory standards.").

III.

10

With those legal principles in mind, we first address the arguments raised in defendant's Point II. As we stated above, the arbitration agreement clearly specified the APDRA governed the proceedings, "unless inconsistent with" other terms of that agreement. Regarding the right to appeal, the arbitration agreement provides:

> With respect to any dispute or controversy that is subject to arbitration under the terms of this agreement, no proceeding based on such dispute or controversy shall be instituted by either party except to enforce the award of the [a]rbitrator or for an appeal.

Notably absent from the arbitration agreement is any statutory citation to the parties' right to appeal under the APDRA or UAA.

Further, the following paragraph of the agreement was crossed out by hand. That subsection had provided:

> The parties are aware that the rights of appeal set forth herein differ significantly from the forms of appellate relief available to them if they had chosen to try this case to verdict before the Superior Court of New Jersey, Chancery Division, Family Part, and had then determined to appeal therefrom.

Conversely, the retainer letter, which was relied upon by the motion judge and the arbitrator, specifically foreclosed an appeal, with two notable exceptions (emphasis added):

> The parties agree that the award will be the final and binding resolution of the disputes described [in the retainer letter]. Judgment may be entered on the award according to law. There shall be no appeal, except for reasons set forth in N.J.S.A. 2A:23B-23 and 2A:23B-24 <u>or as set forth in the parties' arbitration agreement</u>.

Defendant contends the terms of the retainer letter, when read in pari materia with the arbitration agreement, <u>see</u> <u>Medford Twp. Sch. Dist. v. Schneider Elec. Bldgs. Ams., Inc.</u>, ___ N.J. Super. ___ (App. Div. 2019) (slip op. at 12), mandate the APDRA governs the parties' right to appeal. In particular, defendant claims the appeal provision of the retainer letter relates back to the arbitration agreement, which is governed by the APDRA. Although the retainer letter refers to the arbitration agreement, which is generally governed by the APDRA, the arbitration agreement, unlike the retainer letter, does not specify which Act governs the appeal process. Accordingly, when we consider the two documents together, we agree with the motion judge, and the arbitrator before her, that N.J.S.A. 2A:23B-23 and 2A:23B-24 of the UAA, as specifically cited in the retainer letter, governs the appeal process here. We

therefore conclude the motion judge did not err by applying the UAA in her review.[5]

Nonetheless, as the arbitrator aptly noted, whether defendant's application to modify or vacate the award were considered under the UAA or the APDRA, the ultimate determination is the same under the applicable provisions of both statutes. That conclusion is especially true where, as here, defendant did "not contest the enforceability of the arbitration agreement." Rather, defendant essentially maintained before the motion judge that the arbitrator made mathematical miscalculations regarding his depletion of the marital funds, and pendente lite arrearages.[6]

Applying the UAA, the judge reasoned:

> [T]here is no "evident" mathematical [mis]calculation or "evident" mistake in any description of a person, thing, or property referred to in the award. This [c]ourt will not conduct a de novo review of the extensive record before the arbitrator; rather, it must only modify an award if an obvious mathematical error exists. In

---

[5] However, had we determined APDRA applies to defendant's appeal process, where we discern no public policy warrants our review, we would dismiss his appeal. N.J.S.A. 2A:23A-18b; see also Fort Lee Surgery, 412 N.J. Super. at 103-04; Mt. Hope, 154 N.J. at 152.

[6] Defendant also argued his due process rights were violated because plaintiff failed to file a motion to confirm the award pursuant to N.J.S.A. 2A:23A-26. However, the motion judge full addressed defendant's claims thereby mooting any due process claim.

his detailed review of the [a]ward, [the arbitrator] considered "all the exhibits and testimony, [and determined] that approximately $800[,000] was spent by [defendant] on the business, the Tesla, art work, the Rolex, and the Paris vacation with [his] girlfriend." He accounts for further depletion of assets carried by [d]efendant, and arrived at a final figure of $250,000 from [d]efendant to [p]laintiff "in order to equalize the assets." This [c]ourt is ill-equipped to examine the enormous divorce record outside the scope of this motion, particularly in consideration of the limited judicial scrutiny afforded to arbitration awards, which was further limited by [the] parties in their [a]rbitration [a]greement.

Under the UAA, as applied by the motion judge, "the court shall modify or correct the award if . . . there was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award." N.J.S.A. 2A:23B-24(a)(1). Similarly, under the APDRA "[t]he court shall modify the award if . . . [t]here was a miscalculation of figures . . . ." N.J.S.A. 2A:23A-13(e)(1). Thus, even if the judge applied the wrong statute, the result was a distinction without a difference. Having conducted a de novo review of the record, we conclude there was no basis to disturb the motion judge's decision.

Because the arguments raised in defendant's Point I were not raised before the motion judge, we decline to consider them. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (citation omitted) (recognizing we "decline to

14

consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest"). We discern no such jurisdictional or public interest here.

We only note most of the issues raised were previously considered during the course of the protracted litigation, and defendant did not appeal from those orders. For example, defendant's belated claim that the governing documents did not address the Minkowitz waiver was previously addressed by the Family Part in its decision underlying the July 11, 2017 order mentioned above. Defendant failed to appeal from that order. We will not address a challenge to an order not being appealed. State v. Robinson, 200 N.J. 1, 19 (2009)

Further, defendant's argument is belied by the retainer agreement, itself, which provides in bolded font:

> THE ARBITRATOR MAY ATTEMPT TO RESOLVE THIS MATTER THROUGH MEDIATION BUT IT IS AGREED THAT THE MEDIATION PROCESS WILL NOT DISQUALIFY THE ARBITRATOR FROM ARBITRATING ANY REMAINING ISSUES.

At the end of that paragraph, the following sentence was handwritten verbatim: "ANY PARTY MAY RESCIND THE ARBITRATOR'S RIGHT TO MEDIATE AT ANY TIME, IN WRITING."

A-3139-17T1

To the extent we have not specifically addressed defendant's remaining contentions, we find they lack sufficient merit to warrant discussion in our written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3139-17T1