**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5560-18T1

ILAN LEVINSON,

    Plaintiff-Respondent,

v.

HAGIT LEVINSON,

    Defendant-Appellant.

_____

Submitted June 24, 2020 – Decided November 9, 2020

Before Judges Accurso and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1299-14.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief).

Steven S. Genkin, attorney for respondent.

PER CURIAM

    Defendant Hagit Levinson appeals from an August 17, 2018 final

judgment of divorce and order of the Family Part incorporating a May 14, 2018

arbitration decision, as well as seven subsequent orders denying various post-judgment applications.  We affirm all orders under appeal.

I.

The following facts are derived from the record.  Defendant and plaintiff Ilan Levinson were married in 2001.  Three children were born during the marriage.  In 2013, plaintiff filed a complaint for divorce.

Following discovery and an unsuccessful attempt at mediation, the parties executed a consent order and amended agreement to participate in binding arbitration on all financial issues pertaining to their marriage.  The parties agreed that the arbitration would be conducted pursuant to the New Jersey Alternative Procedure for Dispute Resolution Act (APDRA), N.J.S.A. 2A:23A-1 to -30.

On May 14, 2018, the arbitrator issued a final arbitration decision.  Among many other issues, the arbitrator decided that the marital home would be sold and the proceeds of the sale and the contents of the home distributed to the parties.  Defendant moved to vacate or modify the arbitration decision, arguing it was procured by fraud and that the arbitrator exceeded his authority and refused to consider relevant evidence.  Plaintiff cross-moved to confirm the decision.

A-5560-18T1

On August 17, 2018, the trial court entered a judgment of divorce and order incorporating the final arbitration decision. In its oral opinion, the court rejected defendant's arguments, finding the arbitrator reached his decision after reviewing ample evidence submitted by both parties and determining which of the expert opinions in the record was most credible. In reaching its decision, the trial court applied provisions of the Uniform Arbitration Act (UAA), N.J.S.A. 2A:23B-1 to -31, establishing the grounds on which the court may vacate or modify an arbitration decision, rather than the corollary provisions of the APDRA, which were applicable to the parties' motions.

Defendant thereafter filed an application to, in effect, vacate the arbitration decision and have the matter returned to the Family Part for resolution. She argued one of the experts on which the arbitrator relied was not a certified public accountant in New Jersey, which, she alleged, was unknown to her during the arbitration proceedings. In addition, defendant sought to: (1) submit as evidence copies of approximately 5000 checks from plaintiff's business; (2) subpoena an expert for cross-examination; (3) compel plaintiff to pay $700 a week for domestic help; and (4) compel plaintiff to pay defendant $25,000 for a vehicle she possessed.

A-5560-18T1

Plaintiff cross-moved to enforce the August 17, 2018 order. Specifically, he sought an order appointing an attorney-in-fact to facilitate the sale of the marital home because defendant had been intentionally interfering with the sale. In addition, plaintiff argued defendant should pay half the cost to maintain the home until the sale, as well as his counsel fees and costs. Plaintiff also sought resolution of ownership of the vehicle that was the subject of defendant's motion.

On November 9, 2018, the trial court entered an order denying defendant's motion to vacate the arbitration decision, concluding she had "recycled the same submission" that she filed with the court in support of her initial motion. As had been the case with the original motion, the trial court referred to the UAA, rather than the APDRA, when determining that no grounds existed to vacate the arbitration decision. In addition, the court denied defendant's motion to compel plaintiff to contribute to the cost of domestic assistance at the marital home.

The trial court granted plaintiff's cross-motion in part. Finding defendant had intentionally interfered with the sale of the marital home, the court ordered her to vacate the home within thirty days and follow the recommendations of an appointed real estate broker with respect to the sale of the home. The court denied plaintiff's request to have defendant be responsible for fifty percent of the carrying costs of the marital home until its sale. The court also denied

plaintiff's request to appoint an attorney-in-fact to facilitate the sale, but allowed him to renew the motion if defendant failed to cooperate. The court directed that ownership of the vehicle be transferred from plaintiff to defendant within thirty days, at which point defendant was to assume responsibility for insuring the vehicle. Finally, the court awarded plaintiff $3641 in attorney's fees because defendant's motion was baseless and her failure to comply with the August 17, 2018 order was intentional.

Defendant thereafter again moved for reconsideration and plaintiff again cross-moved to enforce the August 17, 2018 order. On January 10, 2019, the trial court ordered: (1) an accounting of plaintiff's support payments since entry of the August 17, 2018 order; (2) plaintiff to maintain the children on his medical, dental, and vision insurance policy; (3) defendant to reimburse plaintiff twenty-five percent of the cost of the children's policy and unreimbursed medical expenses; (4) defendant to produce a copy of her active life insurance policy; (5) defendant to pay a penalty of $100 per day if she failed to vacate the marital home within sixty days; and (6) that in the event defendant failed to cooperate with the sale of the home an attorney-in-fact would be appointed to facilitate the sale on defendant's behalf.

5

On January 22, 2019, the trial court appointed Robert Landel, Esq., as the attorney-in-fact to execute any and all documents on behalf of defendant necessary for the sale of the marital home. The court also authorized Landel to apportion or sell the home's furnishings and directed that his fees be paid out of defendant's share of the proceeds of the sale of the home.

Plaintiff thereafter moved again to enforce the August 17, 2018 order. At the time plaintiff's motion was heard, the marital home was subject to a contract of sale with a closing date in eighteen days. According to plaintiff, although defendant had purchased a new residence, she had not yet vacated the marital home. Plaintiff also sought an order dividing the personal property in the home, some of which, he argued, defendant had taken to her new home. Finally, plaintiff sought modification of the August 17, 2018 order with respect to the signatories on college savings accounts for the children.

On April 12, 2019, the trial court entered an order directing: (1) the parties to vacate the marital home by April 14, 2019; (2) Landel to divide the personal property in the marital home among the parties; (3) credits and adjustments to the parties' debts to one another be made at the time of closing of the sale of the marital home and satisfied from the proceeds of the closing; (4) defendant to

transfer one of the college savings accounts to plaintiff; (5) defendant to pay plaintiff $2,965.50 in attorney's fees.

On June 10, 2019, the trial court entered an order directing $4,826.55 be taken from defendant's share of the proceeds from the sale of the marital home to pay the arbitrator.

On June 11, 2019, the trial court entered an order directing $25,993.07 be taken from defendant's share of the proceeds of the sale of the marital home to pay the neutral forensic accountant used in the arbitration.

Also on June 11, 2019, the trial court entered an order finding defendant in violation of litigant's rights for failure to comply with the court's April 12, 2019 order. The court directed defendant to transfer the two remaining college savings accounts to plaintiff and awarded plaintiff $2500 in attorney's fees. In addition, the court allocated among the parties the remaining amount of the proceeds from the sale of the marital home.

This appeal followed.[1] Defendant appeals each of the orders detailed above and raises the following argument for our consideration:

> THE FAMILY COURT APPLIED THE WRONG
> LEGAL STANDARD IN DENYING DEFENDANT'S
> MOTION TO VACATE OR MODIFY THE

---

[1] Plaintiff argues defendant's appeal was untimely filed. On September 30, 2019, this court granted defendant's motion to file her appeal as if within time.

ARBITRATION DECISION, AND IN GRANTING PLAINTIFF'S MOTION TO CONFIRM THE DECISION IN ITS ENTIRETY, WARRANTING REMAND BACK TO THE FAMILY COURT WITH DIRECTION THAT THE COURT APPLY THE STANDARD OF JUDICIAL REVIEW SET FORTH BY THE [APDRA].

II.

"[T]he scope of review of an arbitration award is narrow." Fawzy v. Fawzy, 199 N.J. 456, 470 (2009). "Arbitration can attain its goal of providing final, speedy and inexpensive settlement of disputes only if judicial interference with the process is minimized; it is, after all, meant to be a substitute for and not a springboard for litigation." Id. at 468 (citation omitted). Thus, "arbitration should spell litigation's conclusion, rather than its beginning . . . ." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013) (citation omitted).

Moreover, "[t]he public policy of this State favors arbitration as a means of settling disputes that otherwise would be litigated in a court." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015). This "strong public policy" also favors "using arbitration in family litigation . . . ." Minkowitz v. Israeli, 433 N.J. Super. 111, 131-32 (App. Div. 2013). Accordingly, "courts grant arbitration awards considerable deference." E. Rutherford PBA Local, 213 N.J.

at 201. Because the trial court's decision to affirm or vacate an arbitration award is a decision of law, our review is de novo. Minkowitz, 433 N.J. Super. at 136; see also Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010).

"When parties to a matrimonial proceeding agree to arbitrate disputed issues, they may designate whether the proceeding will be submitted pursuant to the [APDRA], or the [UAA]." Manger, 417 N.J. Super. at 374. Notably, the "parties must expressly elect to be governed by APDRA." Id. at 375 (citing Weinstock v. Weinstock, 377 N.J. Super. 182, 188 (App. Div. 2005) ("[APDRA] is a voluntary procedure for alternative dispute resolution, which becomes operable upon voluntary agreement by the parties.")). Thus, "in the absence of an express designation in an agreement, the [UAA] governs the arbitration." Ibid. It is undisputed that the parties agreed to arbitrate the economic aspects of their divorce pursuant to the APDRA.

Under the APDRA, the trial court may vacate, modify, or correct a final arbitration decision for limited reasons. According to N.J.S.A. 2A:23A-13, a provision of the APDRA:

> (b)  In considering an application for vacation, modification or correction, a decision of the umpire on the facts shall be final if there is substantial evidence to support that decision; provided, however, that when the application to the court is to vacate the award pursuant to paragraph (1), (2), (3), or (4) of subsection c., the

court shall make an independent determination of any facts relevant thereto de novo, upon such record as may exist or as it may determine in a summary expedited proceeding . . . .

(c)   The award shall be vacated on the application of a party who . . . participated in the alternative resolution proceeding . . . if the court finds that the rights of that party were prejudiced by:

(1)   Corruption, fraud or misconduct in procuring the award;

(2)   Partiality of an umpire appointed as a neutral;

(3)   In making the award, the umpire's exceeding their power or so imperfectly executing that power that a final and definite award was not made;

(4)   Failure to follow the procedures set forth in this act, unless the party applying to vacate the award continued with the proceeding with notice of the defect and without objection; or

(5)   The umpire's committing prejudicial error by erroneously applying law to the issues and facts presented for alternative resolution.

        . . . .

(e)   The court shall modify the award if:

(1)   There was a miscalculation of figures or a mistake in the description of any person, thing or property referred to in the award;

(2)   The umpire has made an award based on a matter not submitted to them and the award may be corrected

without affecting the merits of the decision upon the issues submitted;

(3)	The award is imperfect in a matter of form, not affecting the merits of the controversy; or

(4)	The rights of the party applying for the modification were prejudiced by the umpire erroneously applying law to the issues and facts presented for alternative resolution.

Under the APDRA, there is no appellate review of the trial court's decision to confirm, modify, or correct an arbitration award. N.J.S.A. 2A:23A-18(b). Accordingly, as long as the trial court provides a rational explanation for its decision, we must dismiss the appeal "regardless of whether we may think the trial judge exercises that jurisdiction imperfectly." Fort Lee Surgery Ctr., Inc. v. Proformance Ins. Co., 412 N.J. Super. 99, 104 (App. Div. 2010).

Our Supreme Court has recognized "rare circumstances" based on public policy may warrant appellate review of a trial court decision under the APDRA. Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower, LP, 154 N.J. 141, 152 (1998). For example, a decision confirming, modifying, or vacating an arbitration award that shows clear bias on the part of the trial court "require[s] appellate court review." Ibid.

Similarly, we have determined that when a trial judge misapplies or ignores the standards of review established under N.J.S.A. 2A:23A-13 and fails

11

to rule on a party's specific claims, appellate court review may be granted. Morel v. State Farm. Ins. Co., 396 N.J. Super. 472, 475-76 (App. Div. 2007). This is precisely the case here. The trial court on two occasions applied the standard for reviewing an arbitration decision set forth in the UAA, not the APDRA. Appellate review is warranted.

Under N.J.S.A. 2A:23B-23, a provision of the UAA,

> a. Upon the filing of a summary action with the court by a party to an arbitration proceeding, the court shall vacate an award in the arbitration proceeding if:
>
> (1) the award was procured by corruption, fraud, or other undue means;
>
> (2) the court finds evident partiality by an arbitrator, corruption by an arbitrator, or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;
>
> (4) the arbitrator exceeded the arbitrator's powers;
>
> (5) there was no agreement to arbitrate . . . .;
>
> (6) the arbitration was conducted without proper notice of the initiation of the an arbitration . . . .

A-5560-18T1

The court may modify an arbitration award under the UAA pursuant to N.J.S.A. 2A:23B-24. That statute provides:

> [T]he court shall modify or correct the award if:
>
> (1) there was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;
>
> (2) the arbitrator made an award on a claim not submitted to the arbitrator . . . .;
>
> (3) the award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.
>
> [N.J.S.A. 2A:23B-24.]

A comparison of the provisions of the UAA relied on by the trial court to the corresponding provisions of the APDRA that it should have applied to defendant's motions reveals that the two sets of statutes are substantive equivalents. Thus, in the present context, the trial court's mistaken application of the UAA resulted in no meaningful harm to defendant.

Moreover, having conducted a de novo review of the record, we conclude that under the APDRA, no basis exists to disturb the trial court's decisions. At base, defendant's claims amount to little more than her disagreement with the well-supported factual determinations of the arbitrator and his reasoned resolution of the parties' claims.

A-5560-18T1

To the extent we have not specifically addressed defendant's remaining contentions, we find they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).[2]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  Defendant's case information statement identifies the January 10, 2019 and June 10, 2019 orders described above, as well as a June 6, 2014 order, as being appealed.  Because she makes no substantive arguments with respect to these orders we consider her appeal from these orders waived.  "[A]n issue not briefed is deemed waived."  Pressler and Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019); Telebright Corp. v. Dir., Div. of Taxation, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).