**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0667-18T2

ANTONIO GAGLIOSTRO,

    Plaintiff-Respondent,

v.

FITNESS INTERNATIONAL,
LLC, d/b/a LA FITNESS,[1]

    Defendant-Appellant.

_____

Submitted October 3, 2019 – Decided October 16, 2019

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1966-18.

Briggs Law Office, LLC, attorneys for appellant (Norman William Briggs and Adrienne Chapman, on the briefs).

De Marco & De Marco, attorneys for respondent (Patrick C. De Marco, on the brief).

_____

[1] Improperly pled as Fitness International, Inc.

PER CURIAM

Defendant LA Fitness appeals from a trial court's order vacating an arbitration award in favor of plaintiff Antonio Gagliostro. Defendant argues reversal is warranted because the trial court did not apply the proper standard under the Federal Arbitration Act (FAA) or New Jersey law. Defendant also claims the trial court lacked the power to remand to the American Arbitration Association (AAA) for the assignment of a new arbitrator, and that plaintiff did not meet his burden of persuasion to warrant vacatur. We agree.

On April 27, 2015, plaintiff rejoined defendant's fitness club and signed a Membership Agreement. That same day, plaintiff fractured his ankle due to a faulty drain in the sauna at the club. The Membership Agreement contained an arbitration clause, so plaintiff filed a demand for arbitration with the AAA. Arbitration proceeded and after the arbitrator conducted several telephonic conferences and a hearing, he found for plaintiff on the issues of liability and damages. The arbitrator granted plaintiff an award of $20,500 for pain and suffering, which was discounted to $20,012 for reasons the arbitrator placed on the record.

Subsequently, plaintiff filed a Verified Complaint and Order to Show Cause in the Law Division, alleging the arbitrator's calculation of the award was

impermissible. The trial court entered an order vacating the arbitrator's award only as to the issue of damages and remanded the matter back to the AAA for a hearing before a different arbitrator. Defendant appeals from that order.

We owe no deference to the trial court when reviewing this issue. Morgan v. Sanford Brown Inst., 225 N.J. 289, 302-03 (2016). "As the decision to vacate an arbitration award is a decision of law, this court reviews the [granting or] denial of a motion to vacate an arbitration award de novo." Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (2013) (citing Manger v. Manger, 417 N.J. Super. 370, 376 (2010)).

Under prior law, an appellate court could vacate an arbitrator's decision for several reasons, including a mistaken interpretation of the law. Perini Corp. v. Greate Bay Hotel & Casino, 129 N.J. 479, 496 (1992). This standard was modified in Tretina Printing, Inc. v. Fitzpatrick & Assoc., Inc., 135 N.J. 349, 357-58 (1994). Indeed, Tretina confirms that with few exceptions, a court may no longer vacate arbitration awards on the basis of an arbitrator's mistake of law unless the parties contractually agree to expand the scope of judicial review. Id. at 358. Still, the Tretina Court acknowledged "in rare circumstances a court may vacate an arbitration award for public-policy reasons." Weiss v. Carpenter & Morrissey, 275 N.J. Super. 393, 401 (App. Div. 1994) (citing Tretina, 135

N.J. at 364).  An example of a public-policy reason cited by the <u>Tretina</u> Court includes a mistake of law in a public-sector arbitration setting.

In adopting the concurring opinion in <u>Perini</u>, the <u>Tretina</u> Court confirmed arbitration awards should be "final, not subject to judicial review, absent fraud, corruption, or similar wrongdoing on the part of the arbitrators."  <u>Tretina</u>, 135 N.J. at 357 (citing <u>Perini</u>, 129 N.J. at 519 (Wilentz, C.J., concurring)).  The <u>Tretina</u> Court interpreted the concurring opinion to mean that "in most cases the Chief Justice would not vacate an award even though it might be based on a mistake of law."  <u>Tretina</u>, 135 N.J. at 357.

When the trial judge vacated plaintiff's award, he specifically referred to the FAA and stated, "the claim here is to vacate [the arbitration award] and Section 10 of 9 [U.S.C.] governs."  The judge added that New Jersey's Arbitration Act and the FAA are very similar in terms of language, but he relied heavily on New Jersey cases, including <u>Perini</u>, to support his decision to vacate the arbitration award.

Notably, the parties disagree on whether federal or New Jersey law governs this dispute.  For reasons we outline herein, we are confident that under either New Jersey law or the FAA, the arbitration award should have been upheld.  Nevertheless, the Agreement to Arbitrate clause in the Membership

Agreement referenced the FAA only as to the arbitrability of the parties' dispute. It provided:

> you and LAF consent to arbitrate th[e] dispute before a single arbitrator under the then current rules of the American Arbitration Association in a location near your LAF club . . . you and LAF also agree that the Federal Arbitration Act governs the arbitrability of all disputes between you and LAF.

The parties do not contest the arbitrability of their dispute. Instead, their disagreement centers on the methodology used by the arbitrator to calculate plaintiff's damages. Since the Membership Agreement did not specify a choice of law for this dispute, we turn to New Jersey law for guidance.

New Jersey case law provides that when a contract does not specify a choice of law, the place of contracting or the state with the most ties to the parties or transaction should govern. Gilbert Spruance Co. v. Mfrs. Ass'n. Co., 134 N.J. 96, 102 (1993). The parties' contract was signed in New Jersey and plaintiff's underlying claim arose in New Jersey. Therefore, New Jersey law governs this case on any arbitration issue, other than arbitrability.

It is well established that under New Jersey law, judges may vacate, modify, or correct arbitration awards under specific circumstances. A judge may vacate an arbitration award if:

(1) the award was procured by corruption, fraud, or other undue means;

(2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

(3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;

(4) an arbitrator exceeded the arbitrator's powers;

(5) there was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection pursuant to subsection c. of section 15 of this act not later than the beginning of the arbitration hearing; or

(6) the arbitration was conducted without proper notice of the initiation of an arbitration as required in section 9 of this act so as to substantially prejudice the rights of a party to the arbitration proceeding.

[N.J.S.A. 2A:23B-23(a).]

Further, a court may modify or correct an award if:

(1) there was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;

(2) the arbitrator made an award on a claim not submitted to the arbitrator and the award may be

6

corrected without affecting the merits of the decision upon the claims submitted; or

(3) the award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.

[N.J.S.A. 2A:23B-24(a).]

When plaintiff sought to vacate the award, he did not allege there was any misconduct or partiality displayed by the arbitrator, nor did he question the validity of the arbitration agreement itself. He simply challenged the amount of his award and the formula used by the arbitrator to calculate it, insisting the arbitrator acted contrary to New Jersey law.

Yet, there is no indication on the face of the award that the arbitrator intended to decide the matter according to New Jersey law, or that he mistook the legal rule, and then deviated from the law to the extent that fraud, corruption or partiality is implicated. Moreover, the parties' Membership Agreement did not mandate that an arbitrator decide each issue in dispute based on New Jersey law. Therefore, to the extent plaintiff asserts the arbitrator's calculations in fixing the award for pain and suffering did not comport with New Jersey law, his argument is rooted in a mistake of law. Without more, there was no basis to overturn the arbitrator's award.

A-0667-18T2

We next address whether the trial judge mistakenly ordered that a new arbitrator should review the issue of damages. A court may only permissibly confirm, vacate, modify, or correct arbitration awards on certain grounds. N.J.S.A. 2A: 23B-22 to -24. The statute "directs a court to correct errors; it does not provide for remand to the arbitrator." Tretina, 135 N.J. at 360. The Tretina Court stressed:

> the Legislature intended that courts correct mistakes that are obvious and simple – errors that can be fixed without a remand and without the services of an experienced arbitrator . . . . [I]n the absence of a statutory provision or an authorization in the arbitration agreement, a court that is asked to vacate, modify, or confirm an award usually has no power, except by consent of the parties, to recommit the matter to the arbitrator.
>
> [Id. at 360-61.]

It is rare, then, that a court can remand a matter to an arbitrator, let alone a different arbitrator. For example, a remand has been deemed proper when an issue initially had "been neither submitted to nor decided by the arbitrator." Id. at 363 (quoting Jersey City Police Officers Benevolent Ass'n v. City of Jersey City, 257 N.J. Super. 6, 11 (App. Div. 1992)). The Tretina Court concluded this remand was permissible because "[t]he arbitrator had not exercised his powers relating to that issue, so his authority had never expired." Ibid. The Court then

A-0667-18T2

added, if the "obligations under an award are unclear to the parties, a court may resubmit the question to the arbitrator for clarification." Id. at 363. These rare exceptions are not present in the instant matter. Rather, the issue of damages was presented to and decided by the arbitrator and his decision needed no clarification. Accordingly, the order for remand to a different arbitrator constituted error.

When the trial court remanded this case to a different arbitrator, it relied on In re City of Camden, 429 N.J. Super. 309 (App. Div. 2013). However, Camden is distinguishable from the instant matter, as it involved labor negotiations between the city and a firefighter's union that implicated the Compulsory Interest Arbitration Act. That Act is not applicable here. See N.J.S.A. 34:13A-14 to -21.

Arbitration is meant as an alternative to litigation, so "a party seeking to vacate an arbitration award bears the burden of demonstrating 'fraud, corruption, or similar wrongdoing on the part of the arbitrator.'" Minkowitz, 433 N.J. Super. at 136 (quoting Tretina, 135 N.J. at 357). "[B]ecause of the strong judicial presumption in favor of the validity of an arbitral award, the party seeking to vacate it bears a heavy burden." Del Piano v. Merrill Lynch, 372 N.J. Super. 503, 510 (App. Div. 2004). Plaintiff did not meet this heavy burden.

9

The record makes clear the arbitrator considered many factors when fixing an award for pain and suffering, even if his methodology for calculating damages is not one rooted in New Jersey law. Because the parties did not contractually agree to expand the scope of judicial review to include mistake of law, plaintiff was not entitled to vacatur.

For the sake of completeness, we also note that even if the FAA standard for vacatur of an arbitration award applied, that standard is substantially similar to New Jersey's Arbitration Act. In fact, our appellate courts have stated that "[i]n adopting the [Arbitration] Act, the Legislature intended to follow the FAA." Minkowitz, 433 N.J. Super. at 133 (referring to the Revised Uniform Arbitration Act, N.J.S.A. 2A:23B-1 to -32).

In light of our conclusions, we reverse both the trial court's vacatur of the arbitration award and its remand of this case to another arbitrator. We remand this matter for entry of a judgment consistent with this opinion. We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0667-18T2