**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4669-18

DAWN M. BAESZLER,

 Plaintiff-Respondent/
Cross-Appellant,

v.

WILLIAM J. BAESZLER,

 Defendant-Appellant/
Cross-Respondent.

_____

> Argued May 3, 2021 – Decided July 6, 2021
>
> Before Judges Hoffman and Smith.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0473-08.
>
> Michael Gunteski argued the cause for appellant/cross-respondent (Senoff & Enis, attorneys; Michael J. Gunteski, on the briefs).
>
> Dawn M. Baeszler, respondent/cross-appellant, argued the cause pro se.

PER CURIAM

These cross-appeals follow nearly a decade of post-judgment divorce litigation between plaintiff Dawn B. Baeszler and defendant William J. Baeszler. On appeal, defendant challenges three Family Part orders: an October 20, 2017 order denying his motion to reopen a June 9, 2017 arbitration award (the Award); a June 29, 2018 order denying reconsideration; and a June 24, 2019 order denying his motion to modify his child support obligations. Plaintiff cross-appeals, challenging the Family Part orders entered on June 24, 25, and 26, 2019 denying various requests for relief made by plaintiff in multiple motions, including her own motion to vacate the Award.

Based upon our review of the record and the applicable law, we discern no basis to disturb any of the challenged decisions, with one exception. Because defendant presented a material change of circumstances, we vacate the portion of the June 24, 2019 order that denied defendant's motion to modify his child support obligations and remand that issue to the trial court for further proceedings. We affirm the balance of the orders under review.

I.

The parties married in September 1994. Two children were born of the marriage, a daughter born in 1999 and a son born in 2003. In August 2008, the

A-4669-18

parties divorced upon the entry of a Dual Judgment of Divorce incorporating the parties' Memorandum of Understanding dated August 7, 2008.

Shortly thereafter, the parties engaged in litigation regarding their daughter's education expenses. On July 30, 2010, the trial court found defendant in contempt of court for failing to comply with orders to – among other things – pay fifty percent of the daughter's tuition and related expenses. Because of defendant's refusal to cooperate, on August 14, 2015, the court awarded plaintiff sole custody of both children.

Also on August 14, 2015, the trial court found defendant in contempt for failing to provide discovery. Discovery ultimately revealed defendant's Fidelity Profit Sharing Plan and Money Purchase Plan accounts (the Fidelity accounts), represented by defendant as having a value of $360,000 when plaintiff filed her divorce complaint, had an the actual value of $450,000 at that time. Therefore, plaintiff's fifty percent share of the Fidelity accounts was understated by $45,000. Accordingly, the court granted plaintiff's request to receive an additional $45,000 from the Fidelity accounts.

The parties continued to contest numerous outstanding post-judgment issues regarding, among other things, child support and the distribution of retirement assets. For example, on March 29, 2016, the trial court awarded plaintiff "forty percent

3

(40%) of the Keogh Money Purchase Plan contributions of [d]efendant . . . or the taxable sum of $146,152, which contributions were erroneously and inequitably excluded from (d)efendant's available income for support purposes in the 2008 divorce judgment." The court had preserved the order pending a plenary hearing to allow defendant to produce an expert report on the matter, but he never did; in addition, defendant failed to appear at the plenary hearing.

On January 22, 2017, the parties agreed to retain Matthew Abatemarco (the Arbitrator) to arbitrate outstanding post-judgment issues and entered a consent order to arbitrate on February 2, 2017. The Arbitrator had previously conducted an unsuccessful mediation between the parties.

At the conclusion of arbitration proceedings, on June 8, 2017, the Arbitrator issued the Award that is the primary focus of this appeal. Central to the appeal and cross-appeal, the Award obligated defendant to pay $3,442 per month in child support, sixty percent of the tuition and related expenses for the parties' son, and the additional $45,000 for plaintiff's half of the Fidelity accounts.

On August 8, 2017, defendant moved "to reopen arbitration award with regards to counsel fees." Plaintiff filed a cross-motion requesting "the court to deem the Arbitration Award moot and to allow plaintiff to make a motion to tell her side

of this litigation."[1]  Notwithstanding these pending motions, on September 22, 2017, the parties submitted to the trial court and the court signed a Consent Order to Confirm Arbitration Award, wherein they confirmed they "voluntarily desire[] to confirm the Amended Arbitration Award" and agreed to "fully and promptly comply with the provisions of said order."

On April 11, 2018, the court granted plaintiff's request to send their son to boarding school in Pennsylvania.  In response, defendant moved to modify his child support obligation, arguing that their son living away from home for the school year was a material change in circumstances.  The court denied the motion on June 24, 2019, finding the "Arbitration Award so ingrains child support with other payments and expenses that to disturb that figure would disrupt many other aspects of the award."  The same day, the court denied plaintiff's motions for various modifications of the Arbitration Award and on June 25, 2019, the court specifically denied plaintiff's motion to modify the Award to receive $146,152 of defendant's Keogh Money Purchase Plan, finding plaintiff had the opportunity to object to the denial of the relief at arbitration and failed to do so.  Plaintiff again moved to vacate the Award, arguing the arbitrator inappropriately acted as both mediator and arbitrator

---

[1]  The trial court denied both motions on October 20, 2017.  Defendant filed a motion for reconsideration, which the court denied on December 22, 2017.

A-4669-18

and made various errors in calculating her relief. The court denied the motion on June 26, 2019, finding no errors warranting reconsideration because plaintiff provided no newly discovered information and the denial of any relief was justified by the Arbitrator.

On appeal, defendant challenges multiple orders regarding the Award, asserting the following arguments:

POINT I

THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S NOTICE OF MOTION TO VACATE THE $45,000 AWARD AND NOTICE OF MOTION TO REOPEN COUNSEL FEES AS A RESULT OF PLAINTIFF'S MATERIAL MISREPRESENTATION OF FACTS TO THE ARBITRATOR.

POINT II

THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S NOTICE OF MOTION TO VACATE THE $45,000 AWARD WITHOUT SPECIFICALLY ADDRESSING THE DEFENDANT/APPELLANT'S REQUEST IN ITS OCTOBER 20, [2017] ORDER.

POINT III

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT/APPELLANT'S NOTICE OF MOTION FOR RECONSIDERATION OF THE OCTOBER 20, [2017] ORDER BY FAILING TO CONSIDER

6

[PLAINTIFF'S] MISREPRESENTATION AND FRAUD UPON THE COURT AND ARBITRATOR.

POINT IV

THE OCTOBER 20, [2017] AND JUNE 29, 2018 ORDERS WERE AGAINST THE WEIGHT OF THE EVIDENCE.

POINT V

THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S NOTICE OF MOTION TO VACATE THE $45,000 AWARD AND RE-OPEN ARBITRATION REGARDING COUNSEL FEES WITHOUT HOLDING A PLENARY HEARING TO ADDRESS THE MATERIAL ISSUES OF FACTS.

POINT VI

THE TRIAL COURT ERRED IN FAILING TO MODIFY CHILD SUPPORT IN THE COURT'S JUNE 24, 2019 ORDER.

On her cross-appeal, plaintiff argues:

POINT I

THE TRIAL COURT ERRED FOR FAILURE TO ENFORCE DISCOVERY OR FACT FIND WHEN CONCLUDING THAT THERE WAS NO MERIT FOR A RECONSIDERATION TO VACATE THE AWARD.

POINT II

THE TRIAL COURT ERRED FOR FAILURE TO ANSWER COMPLAINTS THAT THE ARBITRATOR

7

EXCEEDED HIS POWERS AS ACTING AS BOTH MEDIATOR AND ARBITRATOR WITHOUT SIGNING WAIVERS OR DISCLOSURES.

POINT III

THE TRIAL COURT ERRED WHEN STATING THAT THERE WERE NO ERRORS IN THE ARBITRATION REPORT.

POINT IV

THE TRIAL COURT ERRED BY DENYING MY MOTION TO VACATE THE ARBITRATION AWARD.

POINT V

THE TRIAL COURT ERRED IN DENYING MY MOTION ON A HEARING ON THE $146,500.

II.

We review the trial court's denial of motions to vacate an arbitration award de novo. Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010) (citation omitted). But, "there is a strong preference for judicial confirmation of arbitration awards," Middletown Tp. PBA Loc. 124 v. Township of Middletown, 193 N.J. 1, 10 (2007), and we give such awards "considerable deference," Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013).

"[I]n the absence of an express designation in an agreement, the [Revised Uniform Arbitration Act (the Act), N.J.S.A. 2A:23B-1 to -32] governs the

arbitration." Manger, 417 N.J. Super at 375. The Act states a court may vacate an

arbitration award only upon proof:

> (1) the award was procured by corruption, fraud, or other undue means;
>
> (2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;
>
> (4) an arbitrator exceeded the arbitrator's powers . . . .
>
> [N.J.S.A. 2A:23B-23.]

A party seeking to vacate an arbitration award bears the burden of demonstrating

"fraud, corruption, or similar wrongdoing on the part of the arbitrator." Tretina v.

Fitzpatrick & Assocs., 135 N.J. 349, 358 (1994) (internal quotation marks and

citations omitted).

We review the trial court's denial of motions for reconsideration under an

abuse of discretion standard. Cypress Point Condominium Ass'n v. Adria Towers,

L.L.C., 441 N.J. Super. 369, 372 (App. Div. 2015) (citing Cummings v. Bahr, 295

N.J. Super. 374, 389 (App. Div. 1996)). The court should only grant a motion for

9

reconsideration when: 1) "the Court has expressed its decision based upon a palpably incorrect or irrational basis"; 2) "it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence"; or 3) "if a litigant wishes to bring new or additional information to the Court's attention which it could not have provided on the first application . . . ." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Further, the "litigant must initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the Court should engage in the actual reconsideration process." Ibid.

III.

First, defendant contends the trial court erroneously denied his motion to vacate the grant of $45,000 to plaintiff in the Award and to reopen arbitration to obtain counsel fees by: 1) relying on plaintiff's fraudulent misrepresentations; 2) failing to conduct a plenary hearing; and 3) failing to make findings of fact and conclusions of law.

As a preliminary matter, we agree the trial court failed to provide any reasoning for denying defendant's motion to vacate the order awarding plaintiff $45,000. See R. 1:7-4(a) (requiring courts to "find the facts and state its conclusions of law . . . on every motion decided by a written order that is

10

appealable as of right."). Nevertheless, the issues presented on appeal of the denial of the motion to vacate are questions of law, which we decide de novo. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Rather than remand for the trial court to provide the findings and conclusions supporting its disposition of the motion, we address the challenged orders without the benefit of the trial court's reasoning. See Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) ("[A]ppeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion.").

We now address the substance of defendant's arguments. Prior to arbitration, plaintiff moved to increase her fifty-percent share of the marital portion of the Fidelity accounts by $45,000, certifying that defendant underrepresented the value of the accounts by approximately $90,000. The trial court granted plaintiff's motion, and the arbitrator incorporated the $45,000 adjustment into the Award. Defendant contends plaintiff fraudulently omitted evidence demonstrating the Fidelity accounts depreciated in value due to market instability between the date of divorce and date of valuation.

Based upon our review, defendant provided no material challenge to plaintiff's certification or evidence of plaintiff's fraud. Nor do we find any

genuine issue of material fact that warranted a plenary hearing.  See Harrington v. Harrington, 281 N.J. Super. 39, 47 (App. Div. 1995), (requiring a hearing when the parties filed contradictory certifications disputing whether the parties reached an agreement); Conforti v. Guliadis, 128 N.J. 318, 322-23 (1992) (requiring a hearing when equity may mandate modification or reformation of a marital settlement agreement).

We find no reason to disturb the $45,000 award and therefore affirm the October 20, 2017 order denying defendant's motion to vacate the Award and the June 29, 2018 order denying his motion for reconsideration.

IV.

Next, defendant contends the trial court erred in denying his request to modify his child support obligations because the parties' son now lives at boarding school during the school year, presenting a change in circumstances warranting review and possible modification of his obligations.  We agree.

"[C]hild support [is] always subject to modification for changed circumstances . . . ."  Faherty v. Faherty, 97 N.J. 99, 222 (1984).  A party seeking modification of his or her child support obligation must demonstrate a change in circumstances warranting modification.  Lepis v. Lepis, 83 N.J. 139, 157 (1980).  When reviewing decisions denying requests to modify child support, we examine

whether, given the facts, the trial judge abused her discretion. Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006); Loro v. Del Colliano, 354 N.J. Super. 212, 220 (App. Div. 2002). "If consistent with the law, such an award will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Foust v. Glaser, 340 N.J. Super. 312, 315-16 (App. Div. 2001) (internal citations and quotation marks omitted).

It is well-settled that a child living at college, rather than at home, is a change in circumstance warranting review of the payor's child support obligation. Jacoby v. Jacoby, 427 N.J. Super. 109, 118 (App. Div. 2012). Logically, a child living at a boarding school, rather than at home, constitutes also a material change in circumstance. Because each case must turn on its own facts, courts faced with the question of setting child support for children living away from home must assess all applicable facts and circumstances, weighing the factors in N.J.S.A. 2A:34-23a. Id. at 113. These factors include, among other things, the needs of the child, standard of living and earning ability of the parents, legal responsibilities of the parents, and any other relevant factors. N.J.S.A. 2A:34-23a.

Here, the trial court simply found the "Arbitration Award so ingrains child support with other payments and expenses that to disturb that figure would disrupt many other aspects of the award." This is insufficient. The subject change in

13

circumstances warrants review of the parties' submissions and, subject to the trial court's discretion, a plenary hearing. See Lepis, 83 N.J. at 159 ("A plenary hearing must be conducted on a motion to modify support when there are genuine issues of material fact"). The trial court must state its reasons on the record to support its decision to grant or deny the defendant's motion to modify child support. See Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000). We vacate this portion of the June 24, 2019 order and remand to the trial court for such review.

V.

On her cross-appeal, plaintiff presents several arguments in support of vacating the Award in its entirety. These arguments lack merit.

Primarily, plaintiff contends the trial court erred in denying her motion for reconsideration, arguing the Arbitrator violated the consent agreement and made many mistakes in the Award; however, plaintiff offers no evidence implicating the arbitrator in fraud, corruption, or similar wrongdoing. See Tretina, 135 N.J. at 358 (A party seeking to vacate an arbitration award bears the burden of demonstrating "fraud, corruption, or similar wrongdoing on the part of the arbitrator."); N.J.S.A. 2A:23B-23.

Plaintiff also contends the Arbitrator improperly acted as both mediator and arbitrator. Because "dual roles are to be avoided[,]" an arbitrator who undertakes

14

mediation between parties during the midst of the arbitration must have their mutual permission to do so. <u>Minkowitz v. Israeli</u>, 433 N.J. Super. 111, 147-48 (App. Div. 2013). Here, as confirmed by plaintiff's own certification, the Arbitrator served as mediator and arbitrator on two distinct, separate occasions with the parties' express consent. Therefore, we find no reason to disturb the Award and affirm the relevant portions of the June 24, 25, and 26, 2019 orders.

To the extent we did not specifically address either parties' remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4669-18