**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0970-20

JOHN PODESTA,

    Plaintiff-Appellant,

v.

SCHOOL DISTRICT OF THE
BOROUGH OF DUMONT,
BERGEN COUNTY,

    Defendant-Respondent.

_____

Argued November 17, 2021 – Decided December 9, 2021

Before Judges Whipple and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000172-20.

Evan L. Goldman argued the cause for appellant (Goldman Davis Krumholz & Dillon, PC, attorneys; Evan L. Goldman and Kelly A. Smith, on the briefs).

Jonathan F. Cohen argued the cause for respondent (Plosia Cohen, LLC, attorneys; James L. Plosia, Jr., and Jonathan F. Cohen, of counsel and on the brief).

PER CURIAM

Plaintiff John Podesta, a former tenured principal, seeks to vacate an arbitration award stripping him of his position and tenure. The district terminated him because the arbitrator found that he sexually harassed the vice-principal and engaged in other unprofessional conduct.

The School District of the Borough of Dumont, Bergen County (District), employed plaintiff, the former tenured principal of Charles A. Selzer School for approximately forty years. On August 27, 2019, the district superintendent met with plaintiff and Jacqueline Bello, vice-principal, for a mediation session regarding their working relationship. The parties agreed to try to resolve their issues.

On September 25, 2019, plaintiff filed a verbal complaint with the District's Affirmative Action Officer (AAO) regarding Bello. He reported a toxic workplace environment and fractured administrative partnership that was negatively affecting his personal and professional life. He alleged that Bello made a derogatory remark regarding his Italian heritage and that Bello had an inappropriate working relationship with a prior principal at another school, which hindered plaintiff's ability to run Selzer School. Plaintiff claimed that

2

Bello's conduct violated the Dumont Board of Education Policy 3351 –

Healthy Workplace Environment (District Policy).

The District Policy states, in pertinent part:

> A significant characteristic of a healthy workplace environment is that employees interact with each other with dignity and respect regardless of an employee's work assignment or position in the school district.
>
> . . . .
>
> Employees who believe the conduct prohibited by this policy has been directed toward them or to another employee of the school district shall submit a written report to the Superintendent of Schools. . . . Upon receipt of a report, the Superintendent or designee will conduct an investigation and upon completion of the investigation will inform the person(s) who made the report [that] such an investigation was completed.
>
> . . . .
>
> If the investigation determines conduct prohibited by this policy has taken place, the [s]uperintendent or designee will meet with the offender(s) and the victim(s) to review the investigation results and to implement remedial measures to ensure such conduct does not continue or reoccur. Appropriate disciplinary action may be taken depending on the severity of conduct.
>
> There shall be no reprisals or retaliation against any person(s) who reports conduct prohibited by this policy.

The AAO investigated plaintiff's complaint. When the AAO interviewed Bello, she claimed that plaintiff sexually harassed her and created a hostile work environment at Selzer School. The AAO investigated both parties' allegations and issued a report dated November 18, 2019. The AAO concluded that Bello did make a derogatory comment pertaining to plaintiff's Italian heritage, which hurt plaintiff. However, the AAO also concluded that plaintiff engaged in harassing behaviors and created a hostile work environment which made Bello's job increasingly difficult to perform. Neither the superintendent nor his designee met with the parties after the AAO's investigation.

On December 27, 2019, the Dumont Board of Education (Dumont Board or Board) filed tenure charges against plaintiff. The Board alleged that plaintiff engaged in unbecoming conduct towards Bello and that his conduct mandated the termination of his employment as a tenured District employee. The District certified the tenure charges to the Bureau of Controversies and Disputes. Ruth Moscovitch was appointed as the arbitrator. The issue presented was: "[w]hether the [Dumont] Board demonstrated by a preponderance of the credible evidence that [Podesta] has engaged in conduct unbecoming [of] a tenured employee. If so, what shall be the penalty?"

A-0970-20

Over nine days, the arbitrator conducted a hearing in which both sides were represented by counsel and were afforded the opportunity to call witnesses, present evidence, and cross-examine witnesses offered by the opposing party. Neither side objected to the fairness of the proceeding.

The arbitrator heard sworn testimony from the District's five witnesses, plaintiff's three witnesses, and plaintiff himself. She also reviewed text messages and audio recordings of four conversations between plaintiff and Bello. It was undisputed that plaintiff used profanities, insults, and threats in describing an administrator to Bello. Plaintiff expressed his intense personal feelings to Bello through unprofessional words and a song and demanded that Bello behave in an unprofessional manner towards another district administrator. The arbitrator found Bello's testimony credible and supported by her contemporaneous memoranda. Thus, the arbitrator found that "by his conduct, [Podesta] crossed the physical and social boundaries that must exist between a supervising principal and his subordinate."

On June 23, 2020, the arbitrator issued an opinion and award, sustaining the Dumont Board's tenure charges against plaintiff because the proven allegations are serious and constitute grounds for termination of tenure. The

A-0970-20

arbitrator concluded that removal from his position and loss of tenure is the appropriate penalty.

On September 22, 2020, plaintiff filed a complaint against the Dumont Board seeking vacation of the arbitrator's award and reinstatement as principal. On November 5, 2020, the court dismissed plaintiff's complaint with prejudice and granted the Board's cross-motion to confirm the award, substantially agreeing with the arbitrator's findings and conclusions. This appeal followed.

"As the decision to vacate an arbitration award is a decision of law, this court reviews the denial of a motion to vacate an arbitration award de novo." Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010). "[J]udicial review of an arbitration award is deferential to an arbitrator's conclusions. . . ." Borough of East Rutherford v. East Rutherford PBA Local 275, 213 N.J. 190, 194 (2013).

An arbitrator's award is "entitled to a presumption of validity" and will only be vacated on narrow grounds. Jersey City Educ. Ass'n v. Bd. of Educ. of City of Jersey City, 218 N.J. Super. 177, 187 (App. Div. 1987). "Generally, courts will accept an arbitrator's interpretation so long as the interpretation is reasonably debatable." Off. of Emp. Rels. v. Commc'ns. Workers of Am., 154 N.J. 98, 112 (1998).

6

Plaintiff seeks reinstatement as principal and vacation of the arbitration award on procedural due process grounds and statutory grounds pursuant to the New Jersey Arbitration Act (NJAA), N.J.S.A. 2A:24-1 to -11. He first argues that the Board deprived him of procedural due process when it failed to convene a meeting with him and Bello after the AAO's investigation. He asserts that the arbitrator erred in concluding that he was not entitled to a post-investigation meeting pursuant to the District Policy because he did not submit a written complaint to the AAO since his verbal complaint was sufficient to put the Board on notice. He further argues that if the Board did adhere to the District Policy, then the Board would not have filed charges because the parties could have resolved the matter or plaintiff could have negotiated a less severe settlement. Moreover, he argues that the superintendent's pre-investigation meeting with him and Bello did not satisfy the District Policy's procedural due process protections. Plaintiff's arguments lack merit.

First, plaintiff received procedural due process when he was provided appropriate notice and an opportunity for a hearing before the arbitrator. "The [United States] Constitution demands that a person not be deprived of property or liberty absent due process of law." Rivera v. Bd. of Rev. N.J. Dep't of Lab., 127 N.J. 578, 583 (1992). "The right to a hearing before a governmental

agency, whose proposed action will affect the rights, duties, powers or privileges of, and is directed at, a specific person, has long been imbedded in our jurisprudence." Cunningham v. Dep't of Civ. Serv., 69 N.J. 13, 19 (1975). To make such process adequate, the state must provide "notice and an opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Tr. Co., 339 U.S. 306, 313 (1950). "[T]he citizen facing a loss at the hands of the State must be given a real chance to present his or her side of the case before a government decision becomes final." Rivera, 127 N.J. at 583. "The touchstone of adequate process is not abstract principle but the needs of the particular situation." Ibid. "[T]hat a person has a property interest in a benefit when he or she has a 'legitimate claim of entitlement to it' is well established." Id. at 584 (quoting Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)). Tenured educators are entitled to procedural due process before being terminated. See, e.g., Slochower v. Bd. of Higher Educ. City of N.Y., 350 U.S. 551, 555, 559 (1956).

Plaintiff was afforded notice and an opportunity to be heard before he was ultimately removed as principal and stripped of his tenure. Following the AAO's investigation, the Board filed tenure charges against plaintiff who filed

8

an answer to those charges and participated in a nine-day hearing before an arbitrator. Neither party objected to the fairness of the proceeding.

The trial court found that the arbitrator oversaw a procedurally fair hearing. Following the hearing, the arbitrator made findings and concluded that plaintiff's removal as principal and loss of tenure was appropriate under the circumstances. The trial court concurred with the arbitrator, finding that the award rested upon adequate findings of fact and law.

Although the superintendent did not have a meeting with plaintiff and Bello together after the AAO's investigation, plaintiff's removal and loss of tenure took effect only after the arbitrator's adjudication. Due process did not require a post-investigation meeting because plaintiff faced no immediate loss of his position and tenure in the period after the investigation and before the arbitration proceedings. As the trial court found, plaintiff did not convincingly demonstrate how the arbitrator's interpretation of the District Policy regarding the timing of the meeting affected the outcome of the arbitration. Thus, the trial court properly declined to vacate the award on procedural due process grounds.

Second, the arbitrator did not err when she rejected plaintiff's arguments that the Board failed to grant him due process protections pursuant to the

9

District Policy. "Generally, courts will accept an arbitrator's interpretation so long as the interpretation is reasonably debatable." Off. of Emp. Rels., 154 N.J. at 112. First, the arbitrator found that plaintiff did not complain to the AAO in writing, as required by the District Policy. Thus, plaintiff attempted to invoke the protections of the District Policy without having adhered to them. Second, the arbitrator found that the District Policy does not state that the superintendent or his designee must meet with the parties together. Third, the arbitrator found, pursuant to the District Policy, the Board was justified in taking disciplinary action when the investigation found that the misconduct was severe, and the District Policy does not require a meeting with the parties before the Board initiates discipline. The arbitrator's interpretation and application of the District Policy are reasonable, and the trial court properly declined to disturb her findings and award.

Plaintiff next argues we should vacate the arbitration award because it was procured by undue means and the arbitrator imperfectly exercised her power. We reject his arguments.

The NJAA, in pertinent part, provides four statutory bases for vacating an arbitration award.

> The court shall vacate the award in any of the following cases:

a. Where the award was procured by corruption, fraud or undue means;

. . . .

d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.

[N.J.S.A. 2A:24-8.]

"'[U]ndue means' ordinarily encompasses a situation in which the arbitrator has made an acknowledged mistake of fact or law or a mistake that is apparent on the face of the record." Off. of Emp. Rels., 154 N.J. at 111. "[A]n arbitrator's failure to follow the substantive law may also constitute 'undue means' which would require the award to be vacated." In re City of Camden, 429 N.J. Super. 309, 332 (2013). "[T]he arbitrator in a public employment case is obliged to resolve it in accordance with the law and the public interest." Commc'ns Workers of Am., Local 1087 v. Monmouth Cnty. Bd. of Soc. Servs., 96 N.J. 442, 453 (1984).

Here, the trial court properly found that plaintiff did not demonstrate that the arbitrator made a mistake of fact or law in making her findings and confirming the award to the Board. The arbitrator conducted a hearing over nine days, weighed the credible evidence, noted her findings, and properly

11

applied the correct law to the undisputed facts. Further, plaintiff does not dispute any of the arbitrator's findings or conclusions of law. Thus, he cannot show that the arbitration award was procured by undue means.

Plaintiff did not demonstrate that the arbitrator imperfectly executed her powers by denying him due process. As discussed earlier, the record is clear that plaintiff was afforded due process before he was ultimately removed from his position and lost tenure.

Plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0970-20